PER CURIAM.
By an information Dennis Barnes Mc-Cranie was charged with (1) selling a narcotic drug (hashish), on March 10, 1969, and (2) possession of such drug. In a separate information he and Margie Barnes McCranie were charged in one count with selling a narcotic drug, marijuana, on February 28, 1969, and in a second count Margie Barnes McCranie was charged with possession of such drug. By another information Dennis Barnes Mc-Cranie and James Randall McCranie were charged with selling a narcotic drug, hashish, on March 21, 1969. In a second count of that information they and Julie Allen were charged with possession of such drug. *203 In a third count Dennis Barnes McCranie and James Randall McCranie were charged with a separate sale of such a drug on March 21, 1969, and (by count four) with one David Morgan Holl, were charged with possession thereof.
When arraigned, the defendants pleaded not guilty. Prior to trial Dennis Barnes McCranie changed his plea and pleaded guilty to count one (sale of narcotic) on each of the informations wherein he was so charged. Thereupon, on one information Dennis McCranie was sentenced to two years confinement; on another he was sentenced to a one year term to run consecutively; and on a third information he was placed on five years probation, to commence following the other sentences. James Randall McCranie and Margie Barnes Mc-Cranie waived jury trial and were tried before the court. They were found guilty of the counts charging them with sale of narcotic drugs, and each was sentenced to two years confinement. Motions for new trial filed on behalf of the defendants were denied, and they appealed.
Appellants Margie McCranie and James McCranie contended the evidence was insufficient to support their convictions. Upon review of the record we conclude those contentions are without merit. Additionally, appellant Margie McCranie argues that a comment by her attorney at trial was prejudicial so as to deny her a fair trial. The challenged remark was made in presenting an objection which the court sustained. Although the remark was somewhat ambiguous, when read in context, with the objection and with that which proceeded it, it does not appear to have been of prejudice to the defendant involved.
The appellants further contend the trial court erred in denying their motions for new trial. The motions were supported by affidavits of the defendants stating that prior to going to trial the attorney whom they consulted told them that someone must “take the rap,” and that if Dennis McCranie should plead guilty the others would be acquitted; also, that the attorney told Dennis McCranie that, when changing his plea to guilty, if he was asked by the court if he had been promised anything, to answer in the negative. The motions for new trial were properly denied. As to the appellant Dennis Mc-Cranie, the voluntariness of his guilty plea was established by adequate inquiry made by the court at the time the plea was entered. See Garcia v. State, Fla.App.1969, 228 So.2d 300. Those of the appellants who were convicted upon trial before the court contend a new trial should have been granted to them on the ground that their waiver of jury trial was not voluntary in view of the matters set forth in the above mentioned affidavits. We find that contention to be without merit. No irregularity was shown in the proceedings relating to waiver of jury trial by those defendants. Prior to the commencement of trial and while represented by employed counsel they signed written waivers of jury trial.
No reversible error having been made to appear with respect to the several judgments to which the above numbered appeals are directed, the judgments are affirmed.