PER CURIAM.
Appellant has raised claims of ineffective assistance of counsel, involuntary plea induced by promises of counsel regarding control release date and reduced probationary sentencing, and a claim of violation of double jeopardy. Appellant’s claim of violation of double jeopardy appears to have been properly rejected by the trial court. See United States v. Ursery, — U.S. —, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996); Chillington v. State, 682 So.2d 1137 (Fla. 4th DCA 1996); State v. Powelson, 680 So.2d 1089 (Fla. 4th DCA 1996). His claims of ineffective assistance of counsel fail to satisfy the elements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, his claim of involuntary plea based on promises of counsel does rise to the level of legal sufficiency, and was not refuted by the portions of the record attached to the trial court’s order. See State v. Leroux, 689 So.2d 235 (Fla.1996).
Therefore, we reverse and remand for attachment of portions of the record or an evidentiary hearing on this claim.
REVERSED AND REMANDED.
WARNER, KLEIN and GROSS, JJ., concur.