695 So.2d 778 (1997)
Joseph BOND, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2557.
District Court of Appeal of Florida, First District.
May 2, 1997.
Rehearing Denied June 23, 1997.
*779 Appellant pro se.
No appearance for Appellee.
PADOVANO, Judge.
The defendant, Joseph Bond, appeals a final order summarily denying his postconviction motion under rule 3.850 of the Florida Rules of Criminal Procedure. We conclude that the files and records attached to the trial court's order conclusively refute all of the claims that were properly before the trial court on the defendant's motion. Therefore, we affirm.
On January 19, 1995, the defendant entered a plea of nolo contendere to the charge of sexual battery. The trial court accepted the plea and sentenced the defendant to seventy-four months in the Department of Corrections. Following the dismissal of an untimely appeal to this court, the defendant filed a postconviction motion in the trial court under rule 3.850. The motion as amended is based on three grounds: (1) trial counsel was ineffective because he had misled the defendant to believe that he could subsequently withdraw his plea of nolo contendere, (2) the plea was involuntary because the defendant was under the influence of psychotropic medication at the time, and (3) trial counsel was ineffective because he failed to file an appeal as requested. The trial court summarily denied the motion on the ground that the defendant's claims were refuted by the transcript of the plea hearing and by representations he made to the court in a written plea form. The transcript and plea form were attached to the order.
A claim that a defendant entered a plea of nolo contendere based on the erroneous advice of counsel is generally cognizable in a postconviction motion under rule 3.850. Thompson v. State, 351 So.2d 701 (Fla.1977), cert. denied, 435 U.S. 998, 98 S.Ct. 1653, 56 L.Ed.2d 88 (1978). If the motion is facially sufficient and if the defendant's claim is not conclusively refuted by the record, the trial court must grant an evidentiary hearing. As the supreme court held in State v. Leroux, 689 So.2d 235 (Fla.1996), a general acknowledgment during a plea hearing that the defendant received no promises for the entry of a plea does not conclusively refute a sworn allegation that the defendant was prompted to enter the plea by the incorrect advice of his own lawyer.
The supreme court's decision in Leroux and the earlier decisions to the same effect in the district courts of appeal all share one common feature: in each case the defendant alleged that he had been advised about a material issue that was not addressed during the plea hearing. See, e.g., Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994) (the record did not refute an allegation that defense counsel failed to advise the defendant he was ineligible for control release); Hamlin v. State, 627 So.2d 569 (Fla. 2d DCA 1993) (the record did not refute an allegation that defense counsel promised the defendant he would not be habitualized); Gilyard v. State, 675 So.2d 950 (Fla. 1st DCA 1996) (the record did not refute a claim that defense counsel failed to inform the defendant of the possible maximum sentence). Here we have a different situation. Any misunderstanding the defendant may have had about the plea after speaking with his lawyer was corrected by the information the trial court provided during the plea hearing. As the supreme court acknowledged in Leroux, it is proper to deny relief summarily under rule 3.850 if the record of the plea hearing conclusively refutes the defendant's claim that the plea was motivated by incorrect legal advice. See, e.g., Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990).
The answers the defendant gave to the questions by the trial court during the plea hearing plainly reveal that he understood that he would not be entitled to a trial if the court accepted his plea. At the time of the hearing the defendant told the trial court that he was satisfied with the advice of his counsel, that he was entering the plea voluntarily, and that he thought that the plea to a *780 stipulated sentence of seventy-four months was in his best interest. The transcript of the hearing reflects the following dialogue between the court and the defendant
THE COURT: ... Do you understand the rights you are giving up by this plea?
THE DEFENDANT: Yes.
THE COURT: All right, you understand we could have a trial, we started a trial last week and a mistrial was declared, you've got another trial next week, you could go through the same process again, see and confront the witnesses against you and have an opportunity to cross examine them as well as bring in witnesses on your own behalf with the assistance of your counsel, so you understand all that?
THE DEFENDANT: Yes.
THE COURT: You understand there won't be any right to appeal this sentence because it's within the guidelines?
THE DEFENDANT: Yes.
THE COURT: And I am going to give you the sentence that you have agreed upon, and do you know how many days credit you are entitled to, no probation, and this case will be over with, is that still what you want to do?
THE DEFENDANT: Yes, Ma'am.
When the plea was entered, the defendant also made certain representations to the court in a written plea form. In response to questions by the trial court, the defendant represented that he had read and understood this form. Among other things, the defendant represented to the court in the plea form that he understood he was giving up his right to a trial by entering the plea, and that no one, including his own attorney, had made promises to him other than those reflected by the plea agreement.
This case differs from those involving advice about the wisdom of choosing a plea over a trial and those involving advice about the actual time the defendant will be required to serve. Here, the defendant's claim that he thought his plea would not be binding is refuted by his answers to the most basic questions about the consequences of entering the plea. The defendant's statement to the court that he understood the rights he was giving up to enter the plea and that the imposition of the seventy-four month sentence he bargained for would bring the case to an end refutes his present claim that he thought he could withdraw the plea. Likewise, his statement in the plea form that he had received no promises from anyone, including his own attorney, contradicts his present claim that he was induced to enter the plea by the incorrect advice of counsel.
The records of the plea hearing also conclusively refute the defendant's claim that his use of psychotropic medication affected the voluntariness of the plea. The defendant represented to the trial court in the written plea form that he was in full command of his faculties and that he was not under the influence of drugs or sedatives that would affect his ability to understand the plea. Additionally, during the plea hearing, the trial court asked the defendant directly, "[a]re you under the influence of any drugs, alcohol, or medication" and the defendant said "no."
We disagree with the trial court's conclusion that the files and records conclusively refute the defendant's claim to a belated appeal. This issue does not require reversal, however, because the defendant may now seek a belated appeal by filing a petition in this court under rule 9.140(j) of the Florida Rules of Appellate Procedure. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996). We decline to treat the present appeal as a petition under rule 9.140(j), because the defendant may have intended to file a direct appeal to obtain relief from his plea, a matter now fully decided in this appeal from the order denying his postconviction motion. If the defendant intended to obtain other relief, he may file a petition for a belated appeal under rule 9.140(j).
For these reasons we conclude that the portions of the record attached to the order conclusively refute all of the defendant's claims that are properly asserted in a postconvicton motion under rule 3.850. Therefore, we affirm the trial court's order summarily denying the motion.
Affirmed.
*781 LAWRENCE, J., concurs.
WEBSTER, J., concurs in part and dissents in part.
WEBSTER, Judge, concurring in part and dissenting in part.
I agree with the majority's resolution of appellant's claims that his plea was involuntary because he was taking psychotropic medication when he entered it and that trial counsel was ineffective because he failed to file a notice of appeal as requested. However, I am unable to agree that appellant's claim that his plea was involuntary because of misadvice from his trial counsel regarding the consequences of his plea is conclusively refuted by the written plea form and the plea colloquy. I would reverse as to that claim, and remand for further proceedings.
Appellant's motion asserts that, following a mistrial, his counsel advised him to accept a plea offer because two critical defense witnesses had refused to appear for the retrial, and he would have little chance of success without their testimony. According to appellant, he continued to maintain his innocence, and said that he wanted to go to trial. However, counsel persuaded him to accept the state's offer by telling him that pleading no contest was not like pleading guilty and that, by doing so, he would not necessarily be giving up his right to a trial. Rather, if the witnesses were subsequently located, and agreed to testify, he could withdraw his no contest plea and go to trial. Appellant further claimed that, three days after he had entered his plea, he spoke to one of the witnesses, who agreed to testify. Appellant then immediately contacted counsel, requesting that he move to withdraw the plea so that they might proceed to trial. Counsel supposedly assured him that he would, but never did. Appellant claims that he would not have entered a plea but for counsel's misadvice and that, as a result, counsel was incompetent and his plea was involuntary. The trial court denied relief, holding that appellant's claims were all refuted by the written plea form and the plea colloquy, which were attached to the order.
The written plea form includes two statements bearing on this issue. The first reads:
[N]o person, officer, agent or any branch of government, nor my attorney, has made any promises or suggestions of any kind to me or to anyone else within my knowledge that if I would plead to these charges I would receive a light sentence, probation or other form of leniency, except as embodied in this plea agreement on this form.
The second reads: "I understand that upon my plea that there will be no further trial of any type." During the plea colloquy, the trial court asked:
[Y]ou understand we could have a trial, we started a trial last week and a mistrial was declared, you've got another trial next week, you could go through the same process again, see and confront the witnesses against you and have an opportunity to cross examine them as well as bring in witnesses on your own behalf with the assistance of your Counsel ...?
Appellant responded to this question in the affirmative.
In State v. Leroux, 689 So.2d 235 (Fla. 1996), the court held that misadvice by one's attorney regarding the consequences of a plea may be a basis for postconviction relief. It held, further, that, when such a claim is made, it may be denied without a hearing only if the plea colloquy and any written agreement conclusively refute the claim. Finally, the court noted that the commonly understood meaning of the word "promise" does not include "advice" from one's attorney, particularly when such "advice" is of a legal nature relating to the consequences of entering a plea.
It seems to me that, as in Leroux, while the written plea form and the plea colloquy "may appear to be some evidence contrary to defendant's claim," neither is "so clear or so inconsistent with the claim so as to `conclusively' rebut it." Id. at 237. In the written plea form, appellant acknowledged that his attorney had not "made any promises or suggestions of any kind ... that if I would plead to these charges I would receive a light sentence, probation or other form of leniency." However, appellant does not claim that his attorney made any "promise" to him; he claims that the attorney gave him misadvice regarding the consequences of entering a no contest plea. Moreover, appellant does not claim that the misadvice related to the length of the sentence, "probation or other form of leniency"; he claims that he was told that *782 pleading no contest would not necessarily prevent him from subsequently withdrawing his plea and going to trial should the missing witnesses be found and agree to testify. Appellant also acknowledged in the plea form that he understood that, "upon [his] plea ... there w[ould] be no further trial of any type." It seems to me that this statement is also not necessarily inconsistent with appellant's claim because appellant might well have understood it to mean merely that there would be no trial following his plea unless and until he withdrew the plea and requested a trial. The same can be said about the only relevant question from the plea colloquy. Neither the written plea form nor the plea colloquy contains a statement either that a no contest plea has the same finality as a guilty plea or that appellant would not have the right to withdraw his no contest plea once it had been tendered.
To summarize, it seems to me that nothing in either the plea form or the plea colloquy is necessarily inconsistent with appellant's professed belief, based upon advice allegedly received from his attorney, that a no contest plea is different from a guilty plea; and that, should the missing witnesses be found and agree to testify, he might withdraw his plea and proceed to trial. Therefore, I would reverse the trial court's ruling on this claim, and remand for further proceedings. Because the majority affirms the ruling on this claim, I dissent.