W. SHARP, Judge.
Fisher appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. In four different criminal cases, based on a plea agreement, Fisher pled guilty on February 23, 1996, to possession of cocaine,[1] possession of a firearm by a convicted felon,[2] three counts of delivery of cocaine,[3] two counts of trafficking in cocaine,[4] two counts of dealing in stolen property,[5] and violating probation, in a case he had been convicted of possession of a firearm by a convicted felon. He alleges he had been offered a cap of 20 years with no habitualization, and a 4,545 days credit on all counts. He received concurrent sentences, the longest of which was 20 years, and he was not habitualized. However, he did not receive 4,545 days credit on all of his sentences.
The Florida Supreme Court held in State v. Leroux, 689 So.2d 235 (Fla.1996), that misrepresentation of counsel as to the length of a sentence a defendant must serve can be the basis for post-conviction relief. In Le-roux, the court also held that a defendant’s agreement during a plea colloquy that no one promised him or threatened him to obtain a guilty plea was insufficient to conclusively refute a later claim that counsel misrepresented the length of a sentence.
In this case the trial court accepted the defendant’s guilty plea without mentioning credit for time served or how it would be allocated. The only mention of credit for time served in the transcript presented to us was at the plea hearings where defense counsel said the agreement included “credit for time served on all.” That statement is ambiguous, at best.
Only after accepting the plea and sentencing Fisher did the trial court specify the amount of credit for each sentence, which *1269 was less than 4,545 days for each. Thus, under Leroux, Fisher’s allegations are not refuted by the plea hearing. Accordingly, we reverse and remand for an evidentiary hearing.
REVERSED and REMANDED for hearing.
DAUKSCH and GOSHORN, JJ., concur.

. § 893.13(6)(a), Fla. Stat. (1993).

. § 890-23, Fla. Stat. (1993).

. § 893.13(l)(a)l„ Fla. Stat. (1993).

. § 893.135(l)(b)l.c„ Fla. Stat. (1993)

. § 812.019, Fla. Stat. (1993)