PER CURIAM.
Russell Earl Beagle challenges the trial court’s summary denial of his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Beagle raises one claim which may have merit and is not refuted by the record attached to the trial court’s order. Beagle contends his plea was involuntary due to his attorney affirmatively misinforming him regarding the amount of time he would be required to serve on his sentences.
Beagle pleaded guilty to felony driving under the influence with serious bodily injury and driving with license suspended. He was sentenced to concurrent terms of fifty-six months’ incarceration each for the above felonies. Beagle claims his attorney, explaining the gain-time available to him, informed him that he would serve one and one-half to two years’ incarceration on this sentence prior to release. Moreover, Beagle claims that without this advice he never would have accepted the plea agreement, but would have gone to trial on the charges. The trial court denied relief, relying on Beagle’s negative answers to the general questions in the colloquy regarding promises made to induce the plea and whether Beagle was coerced into the plea. We reverse as to this issue, but affirm the order in all other respects.
The supreme court held in State v. Leroux, 689 So.2d 235 (Fla.1996), that a general acknowledgment during a plea colloquy that the defendant received no promises for the entry of a plea does not refute a sworn allegation that the defendant was induced to enter the plea by the affirmative misadvice of his counsel. The court’s determination in Leroux relies on the defendant alleging that he had been advised about a material issue which was not addressed during the colloquy. See e.g., Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996) (holding defendant’s claim his plea was involuntary due to misadvice regarding the length of time to be served on a sentence is not refuted by a defendant’s negative answer to the general question whether anyone had promised the defendant anything else to induce his plea in addition to the negotiated sentence); Hamlin v. State, 627 So.2d 569 (Fla. 2d DCA 1993) (determining the record did not refute an allegation that defense counsel promised the defendant he would not be habitualized); Gilyard v. State, 675 So.2d 950 (Fla. 1st DCA 1996) (finding the record did not refute a claim that defense counsel failed to inform the defendant of the possible maximum sentence). The supreme court indicated in Leroux that it would be proper to deny relief summarily under rule 3.850 only if the record of the plea hearing conclusively refuted the defendant’s claim that the plea was motivated by incorrect legal advice. Id. at 237. Here, the plea colloquy does not discuss gain-time at all and, therefore, cannot conclusively refute Beagle’s claim he was misinformed how the application of gain-time would affect the amount of time he would serve. The trial court’s order must be reversed and the case remanded for further proceedings.
*726 On remand, the trial court may either conduct a hearing to determine what advice was given to Beagle by his attorney or it may attach portions of the record which refute the claim to its order of summary denial. In all other respects the order denying the motion for postconviction relief is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
PATTERSON, A.C.J., and BLUE and GREEN, JJ., concur.