PER CURIAM.
Appellant, John Debonis, has appealed the summary denial of a motion for post-conviction relief in which he raised eight claims of ineffective assistance of trial counsel. We affirm as to six of those grounds, and reverse and remand for evidentiary hearing or attachment of portions of the record refuting *845 only certain claims as appear in points D and E of the motion.
In particular, appellant alleged that his guilty plea was the product of erroneous representations by counsel as to his entitlement to gain time, reduction of his sentence by one-third, and his placement in a prison facility in Avon Park, Florida. Appellant alleged that he would not have entered his guilty plea to DUI manslaughter which led to sentencing to 106 months in prison, followed by 74 months of probation, had he known of his actual entitlement to gain time, that he was not entitled to reduction of his sentence by one-third, and that he would go to a prison facility other than Avon Park.
Nothing in the plea colloquy or in the state’s response to the motion below conclusively demonstrates that appellant is entitled to no relief on this portion of his claims D and E. See State v. Leroux, 689 So.2d 235, 236 (Fla. 1996); Stott v. State, 701 So.2d 917 (Fla. 4th DCA 1997); Jones v. State, 680 So.2d 585 (Fla. 4th DCA 1996). We reverse that portion of the trial court’s order directed at these issues and remand for the trial court to either attach those portions of the record that conclusively demonstrate that the appellant is entitled to no relief, or, otherwise, to conduct an evidentiary hearing.
AFFIRMED IN PART, REVERSED IN PART.
GLICKSTEIN, DELL and GROSS, JJ., concur.