715 So.2d 331 (1998)
Johnny RABEN III, Appellant,
v.
STATE of Florida, Appellee.
No. 98-620.
District Court of Appeal of Florida, First District.
July 29, 1998.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges the summary denial of a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. In this motion the appellant alleged that he entered a plea in reliance on trial counsel's advice that the sentence to be imposed would be made concurrent with sentences in other pending cases. However, the sentence in the present case was not given such concurrent effect, and the appellant further alleged that he would not have entered the plea had he known that these sentences would be consecutive. The appellant argued that the plea was thus involuntary, and that he is entitled to "a new plea."
The plea agreement and a transcript of the plea and sentencing hearing were attached to the order denying relief, but those documents do not conclusively refute the appellant's allegations. The plea agreement merely contains a sentencing "recommendation," and does not address all of the cases to which the appellant referred. The transcript indicates that the appellant was not expressly advised at that proceeding that the sentence might be made consecutive to any sentence imposed in the other cases.
As in State v. Leroux, 689 So.2d 235 (Fla. 1996), the appellant may be entitled to relief on the present claim unless his allegations are otherwise refuted. The appealed order is therefore reversed, and the case is remanded for further proceedings in accordance with rule 3.850.
WOLF and DAVIS, JJ., concur.