GERSTEN, J.
Salvador Raymundo Alvarez (“defendant”) appeals an order denying his motion to vacate his no contest plea on drug trafficking charges. Because the defendant failed to prove that his attorney’s erroneous advice caused him to enter his plea, we affirm.
The defendant pleaded no contest to a number of drug related charges carrying a minimum mandatory sentence of twenty-five years imprisonment. In exchange for his plea, the defendant obtained a fifteen year sentence. The defendant claims to have subsequently learned that he would actually have to serve eight years in prison under this agreement. He moved for postconviction relief shortly thereafter, claiming: 1) that his trial counsel erroneously advised him that he would only serve three-and-a-half or four years under this plea agreement and, 2) that, had he known that he would actually have to serve eight years, he would have opted for trial.
The trial court summarily denied the defendant’s motion and this Court reversed, citing State v. Leroux, 689 So.2d *850 235 (Fla.1996). See Alvarez v. State, 700 So.2d 1258 (Fla. 3d DCA 1997). The case was then remanded to the trial court for a Leroux evidentiary hearing “to determine the merits of [the] defendant’s claim that he relied in good faith upon the erroneous advice of his attorney in entering the plea.” State v. Leroux, 689 So.2d at 238.
At the hearing, the trial court heard conflicting testimony regarding whether the defendant’s attorney actually told the defendant that the plea agreement entailed serving only three-and-a-half or four years in prison. Upon hearing this conflicting testimony, the trial judge stated that he would not make a credibility determination on the issue. The hearing proceeded with the presentation of uncontroverted evidence that the State had an exceptionally strong case and that the defendant would serve at least twenty-five years if convicted.
Conceding a probable conviction and twenty-five year sentence if the case were tried, the defendant nonetheless stated that he would have opted for trial, instead of agreeing to serve eight years in prison, because he had several grounds to appeal a conviction. The trial judge, however, did not believe this assertion,[1] noting the strength of the State’s case, the mandatory twenty-five year sentence, and the .fact that none of the stated grounds for appeal were viable.
At the end of the hearing, the trial court concluded that the defendant was “fully informed” and that he “consciously and willingly” accepted the plea agreement. It, thereafter, denied the defendant’s motion to vacate his plea.
“Misrepresentations by counsel as to the length of a sentence... can be the basis for postconviction relief in the form of leave to withdraw a guilty plea.” See State v. Leroux, 689 So.2d at 236. Such misrepresentations, however, do not always warrant postconviction relief. A defendant seeking such relief must also satisfy the trial court that he or she relied in good faith upon the misrepresentation in entering the plea. See State v. Leroux, 689 So.2d at 238. If counsel’s misrepresentation does not affect the defendant’s decision-making process, the defendant is not entitled to relief.
Here, the defendant failed to convince the trial court that his counsel made a material misrepresentation. Although the trial judge initially declined to make this finding, the transcript reveals that the court subsequently concluded that the defendant was “fully informed” when he entered his plea.
Regardless, it is readily apparent that the trial court did not even believe the defendant’s assertion that he would have opted for trial had he known that he would have to serve eight years under the plea agreement. Thus, the trial court’s finding that the defendant was “fully informed,” is not even crucial to our determination that *851 the trial court properly denied the defendant’s motion.
Not only did the defendant fail to prove that he was misadvised, he failed to prove that such advice would have affected his decision-making process. Finding no merit in the defendant’s remaining contentions, see Hylleberg v. State, 729 So.2d 409 (Fla. 5th DCA 1999), we affirm.
Affirmed.

. The court’s disbelief is reflected in the following exchange:
THE COURT: Don’t you think that eight years is a lot better than 25?
THE DEFENDANT: Yes, sir, but like I said, if I would have been told that at the time instead of being told that I would do only four.
THE COURT: Whether he told you you were going to for [four] or eight, it still doesn't take away the fact that there was a heck of a case against you and you would have gone down the tubes and you would be looking at 25 years, and Judge Chavies wouldn't have any discretion at all. He would have had to sentence you to 25 years.
THE DEFENDANT: Yes sir...
THE COURT: So you’re still saying that if you would have known that you were going to serve eight years, even though you would have served 25 years if you were found guilty, you wouldn’t have entered this plea; is that correct?
THE DEFENDANT: Yes, Your Honor, because I had lots of grounds for coming back for an appeal even if I did lose.
THE COURT: What grounds were [those] sir?
The defendant proceeded to list his grounds. The trial judge responded by explaining why each and every one was not viable and denied the defendant’s motion immediately thereafter.