GROSS, J.
John Debonis appeals an order denying his motion for post-conviction relief. We reverse, because the trial court erred in deciding the case as a matter of law based on the content of the original plea colloquy, without resolving the conflicts in the testimony presented at the evidentiary hearing.
In Debonis v. State, 712 So.2d 844 (Fla. 4th DCA 1998), we remanded this ease for the trial court to conduct an evidentiary hearing on certain aspects of appellant’s post-conviction relief claims. Debonis claimed that he would not have entered his guilty plea to DUI manslaughter had his attorney, John Voigt, not misadvised him about (1) his entitlement to gain time; (2) whether his sentence would be reduced by one-third; and (3) serving his sentence in the Avon Park Correctional Facility. We held that “[n]othing in the plea colloquy or in the state’s response to the motion below conclusively demonstrates that appellant is entitled to no relief’ on this part of Debon-is’s post-conviction relief claim. See id. at 845.
On remand, the trial court conducted an evidentiary hearing. Debonis’s daughter, Elaine Durrman, testified that she spoke to attorney Voigt outside of the courtroom prior to sentencing, and he told her that Debonis would serve 18 to 36 months in prison. Debonis testified that Voigt told him that he faced 7 to 11 years in prison, but that he would get one third off of his sentence for basic gain time, plus a potential 25 days per month for incentive gain time, such that he could anticipate serving 18 to 36 months in prison at the most. Debonis also claimed that Voigt told him that he would be sent to the Avon Park Correctional Facility because of his age; instead, he was sent to Gulf Correctional Institution near Panama City. Debonis said that he entered the plea because of his attorney’s advice that he would get one third off of his sentence and that he would be eligible for gain time. He said he was shocked to learn that he was not going to be released from prison in 36 months when a classification officer reviewed his sentence at the South Florida Reception Center.
Attorney Voigt testified that he advised appellant that it would be unusual for a person to serve 106 months of a 106 month sentence. He said he told appellant that he would serve “slightly somewhat less” than the sentence he received. Voigt flatly denied telling appellant that he would receive a one third sentence reduction. In fact, he testified that he told appellant that *409 the “one third off’ rule of the Department of Corrections had been abolished. Voigt “absolutely [did] not” tell Debonis that he would serve “no more than 36 months in prison.” Voigt did not guarantee that De-bonis would be sent to Avon Park; they had only general conversation about the potential facilities to which Debonis might be sent.
In spite of conducting an evidentiary hearing, the trial court did not resolve the conflicts between the testimony of Voigt and Debonis. The trial court found ‘Voigt to be very credible” and “Mr. Debonis to be credible.”
Instead, the trial court based its ruling on Debonis’s silence in response to certain questions at the original plea conference. The court ruled that Debonis’s plea had been freely and voluntarily entered, based solely on the transcript of the plea colloquy, which demonstrated that Debonis did not say anything in response to the judge’s general questions about (1) whether anything had been promised to induce Debonis to enter the plea; and (2) whether Debonis had any questions for the judge concerning the case. The record indicates that the trial court decided the case as a matter of law based on the content of the original plea colloquy, without resolving the conflicts presented at the evidentiary hearing.
The trial court’s ruling is contrary to State v. Leroux, 689 So.2d 235 (Fla. 1996). That case concerned a defendant who “alleged that he entered his guilty plea based upon trial counsel’s advice that he would actually be released from prison in four years because of his entitlement to provisional gain time credits.” Id. at 235. The supreme court held that the defendant’s negative response during a plea colloquy to the trial court’s question of whether anything had been promised to induce his guilty plea did not conclusively refute his post-conviction relief claim that the plea was the product of defense counsel’s misrepresentations concerning the amount of sentence he would actually serve and his eligibility for gain time. See id. at 237-38. Where the record does not conclusively refute such a post-conviction relief claim, a defendant is entitled to an evidentiary hearing on the merits of his claim “that he relied in good faith upon the erroneous advice of his attorney in entering a plea.” Id. at 238.
The original plea colloquy in this case did not contain specific references to promises about early release or references to the actual amount of time to be served, the type of content which would permit a court to deny the type of post-conviction relief requested in this case based on the transcript of the plea colloquy, and nothing more. See id. at 237 (quoting Carmichael v. State, 631 So.2d 346, 347-48 (Fla. 2d DCA 1994)).
Reversed and remanded for the trial court to make those findings of fact presented by the evidentiary hearing. If the trial court is unable to do so because of the passage of time, appellant is entitled to a new evidentiary hearing.
DELL and HAZOURI, JJ., concur.