830 So.2d 942 (2002)
Steve BRANA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4323.
District Court of Appeal of Florida, Fourth District.
November 20, 2002.
Terrence E. Kehoe, Orlando, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

*943 ON MOTION FOR REHEARING AND CLARIFICATION

WARNER, J.
We grant the motion for rehearing and clarification, withdraw our previously issued opinion, and substitute the following in its place.
In this appeal from an order denying postconviction relief, appellant alleges that counsel's misstatements that his sentence would run concurrently with his other sentences prompted him to accept a plea he would not have otherwise accepted. He also alleges that he was on medication, which affected his ability to understand the plea proceedings. Because these claims are not conclusively refuted by the record, we reverse.
Appellant claims he admitted to violating his probation based upon his counsel's misadvice that his sentence would run concurrently with the sentence recently imposed upon him in another case in another county. Had counsel not so advised him, he would not have admitted the violation of probation. Because the concurrent nature of the sentence was not addressed at his sentencing, his sentence was made consecutive to his other sentences. Nothing in the plea form or plea colloquy refuted this claim. In his plea form appellant agreed that nothing was promised or represented to him, other than what was contained in the plea agreement.
The trial court did not inquire of appellant whether he was promised anything. Under State v. Leroux, 689 So.2d 235 (Fla. 1996), this is insufficient to conclusively rebut appellant's claim. The supreme court in Leroux noted, "there may also be a difference between a `promise' as commonly understood, and an attorney's expert advice to his client.... Supplying such advice is not necessarily a promise of an outcome." Id. at 237. When appellant's attorney told him the sentences would be concurrent, appellant could have reasonably understood that as a statement of law, not a promise or a representation given to induce the plea. See id.; Carter v. State, 752 So.2d 725, 725 (Fla. 3d DCA 2000); Raben v. State, 715 So.2d 331, 331 (Fla. 1st DCA 1998).
We affirm as to the remaining issue raised as that was conclusively refuted by the record.
We reverse and remand for either the attachment of additional portions of the record that conclusively show appellant is entitled to no relief or for an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
FARMER and MAY, JJ., concur.