PER CURIAM.
Appellant’s rule 3.850 motion for post-conviction relief was denied, but we reverse for either the attachment of additional portions of the record conclusively showing appellant is entitled to no relief or for an evidentiary hearing. We do so only *519 on the ground that appellant entered into a plea bargain agreement providing for a fifteen year sentence based on his counsel promising him that the sentence could be reduced by a rule 3.800(c) motion. Such a motion was filed and denied. Appellant alleges that if he had known rule 3.800(c) motions are discretionary and rarely granted, he would not have agreed to the plea bargain.
The trial court summarily denied the motion based on the following language in the plea agreement: “[o]ther than the proposed sentence set forth above, no one has made any promises or guarantees to me ... I am doing this freely and voluntarily.” We conclude that this language is insufficient to conclusively rebut appellant’s claim under State v. Leroux, 689 So.2d 235 (Fla.1996); Brana v. State, 830 So.2d 942 (Fla. 4th DCA 2002). We therefore reverse.
FARMER, C.J, POLEN and KLEIN, JJ., concur.