PER CURIAM.
In this appeal from an order summarily denying postconviction relief, appellant alleges that counsel’s misstatements regarding the nature of his sentence prompted him to accept a plea that he would not have otherwise accepted. He alleges that counsel based his advice on an expectation that a particular judge would preside over the proceeding. Because these claims are not conclusively refuted by the record, we reverse.
Appellant claims he entered ah open plea admitting to violating his probation based upon counsel’s misadvice that he would be sentenced to a downward departure sentence, six months in the First Step Sober House with three years community control and two years probation. Had counsel not so advised him, he would not have admitted the violation of probation. He also claims that prior counsel advised him that he would receive a maximum of 22 months in prison. The expected judge was ultimately replaced by another judge, and appellant was sentenced to 37.6 months in prison, the lowest permissible sentence under the Criminal Punishment Code. When appellant later questioned counsel about the outcome of the hearing, he was told that his plea was entered and unchangeable.
Nothing in the plea form or the plea colloquy refuted appellant’s claim. The transcript of the plea hearing does not show that the range of sentencing possibilities was directly discussed with appellant before the trial court accepted the plea and imposed sentence. The trial court did not inquire of appellant whether he was promised anything to induce his plea. Under State v. Leroux, 689 So.2d 235 (Fla. 1996), this is insufficient to conclusively rebut appellant’s claim. In Leroux, the Supreme Court held that a defendant’s negative response to trial court’s question of whether anything was promised to him to induce a guilty plea did not conclusively refute a postconviction relief claim that his negotiated plea was the product of trial counsel’s alleged misrepresentations concerning the length of the sentence imposed. Appellant was never even asked such a question.
We reverse and remand for either the attachment of additional portions of the record that conclusively show appellant is entitled to no relief or an evidentiary hearing.
KLEIN, STEVENSON and GROSS, JJ., concur.