PER CURIAM.
The appellant timely sought postconviction relief after the entry of a negotiated plea deal. We affirm as to all grounds raised, except for a portion of ground two, wherein we reverse and remand for an evidentiary hearing. In that portion of ground two, the appellant claims his attorney promised him that the eight-year prison term he agreed to as a part of a plea deal would result in just 70.5 months of actual time, if he “kept his nose clean” while incarcerated. The transcript of the plea colloquy does not conclusively refute this allegation, as the lower court did not question the appellant about any promises concerning gain-time or the amount of time he would actually serve in prison. See Debonis v. State, 745 So.2d 407 (Fla. 4th DCA 1999) (“[T]he defendant’s negative response during a plea colloquy to the trial court’s question of whether anything had been promised to induce his guilty plea did not conclusively refute his post-conviction relief claim that the plea was the product of defense counsel’s misrepresentations concerning the amount of sentence he would actually serve.”) (citing State v. Leroux, 689 So.2d 235 (Fla.1996)). Therefore, the appellant is entitled to an evidentiary hearing on the matter. As such, we reverse as to that portion of ground two and affirm as to all other issues raised.
POLEN, HAZOURI and MAY, JJ., concur.