318 So.2d 501 (1975)
Robert Marvin PIERCE, Appellant,
v.
STATE of Florida, Appellee.
No. U-469.
District Court of Appeal of Florida, First District.
April 9, 1975.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant seeks to have his conviction for rape and robbery overturned because, he contends, the trial court accepted his guilty plea and imposed sentence without first conducting an inquiry to determine whether there existed a factual basis for the guilty plea and because his plea was induced by coercion and promises made to him by his court-appointed counsel.
We turn first to the so-called "factual basis" issue which has been considered by this Court on countless prior occasions. (See, e.g., Estes v. State) Fla.App. 1st 1974, 294 So.2d 122; Lyles v. State, Fla. App. 1st 1974, 299 So.2d 146) Most recently, in Mower v. State, Fla.App. 1st 1975, 308 So.2d 586, we held that a lower court committed no reversible error when he determined the factual basis for the defendant's guilty plea prior to sentencing but not prior to acceptance of the plea. Sub judice, the record reveals that the lower court was aware of the factual basis for the plea prior to both accepting the plea and sentencing. For purposes of appeal, a joint record was filed in this case and in another case involving the same defendant. (Case No. U-470) The victims of the crimes involved in the case sub judice testified at the trial in Case No. U-470. The *502 same judge who had earlier presided over the trial in Case No. U-470 also accepted the appellant's guilty plea in this case. He was, therefore, more than adequately aware of the factual circumstances relating to the appellant's guilty plea.
Turning to appellant's second point, his allegations of coercion and unfulfilled promises are completely unsupported by the record. To the contrary, when the appellant and his co-defendant were specifically asked by the trial court if any promises had been made to them or if they had been pressured or coerced into pleading guilty by anyone, they replied in the negative.
As the record indicates that the trial judge had previously determined a factual basis for the appellant's guilty plea and that the plea was not the product of coercion or promises, we affirm the lower court's judgments and sentences.
Affirmed.
RAWLS, C.J., and McCORD, J., concur.