715 So.2d 1001 (1998)
John McKAY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4375.
District Court of Appeal of Florida, First District.
July 9, 1998.
Rehearing Denied August 24, 1998.
*1002 John McKay, pro se.
Robert A. Butterworth, Attorney General, and Trina Kramer, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, John McKay, appeals the summary denial of his postconviction relief motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Appellant entered a plea of no contest to charges of first degree murder, first degree attempted murder, and armed burglary. He was sentenced to life with a mandatory twenty-five year term for first degree murder. On the remaining two counts, he was sentenced to concurrent three-year mandatory terms.
Appellant filed a motion seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Appellant's motion presented a number of issues, principally claiming ineffective assistance of trial counsel. The trial court denied relief and attached a copy of the plea form to the order. On appeal, it was determined that the document did not show conclusively that appellant was entitled to no relief on his ineffective assistance of counsel claims. The matter was remanded for proceedings as to the claims of ineffective assistance of trial counsel. McKay v. State, 694 So.2d 61 (Fla. 1st DCA 1997).[1] On remand, the trial judge again denied the motion and attached a copy of the plea form and a copy of the transcript of the plea hearing. Appellant again seeks review of the order denying his motion.
The record furnished conclusively shows that appellant is entitled to no relief on his claim that he entered a plea of no contest based on defense counsel's representation that he would be eligible for parole in five to ten years. At the plea colloquy, both defense counsel and the trial judge noted that the sentence included a mandatory twenty-five year term. When the trial judge asked if anyone had promised him anything to get him to enter the plea, appellant stated "the only promise is on the agreement." See Colon v. State, 595 So.2d 271 (Fla. 2d DCA 1992) (transcript of plea colloquy in which defendant denied any promises apart from plea agreement sufficient to refute claim that counsel promised a more lenient sentence).
The record also conclusively shows that appellant is not entitled to relief on his claim that his plea was involuntary due to coercion, fear and intimidation induced by counsel and her associate. In Pierce v. State, 318 So.2d 501 (Fla. 1st DCA 1975), Pierce sought to have his convictions for rape and robbery overturned based on the assertion that his plea was induced by coercion on the part of court-appointed counsel. On appeal, it was determined that the allegations of coercion were completely unsupported by record. To the contrary, when Pierce was asked by the trial judge if he had been pressured or coerced into pleading guilty by anyone, Pierce replied in the negative. Likewise, the trial judge in the present case asked if anyone had threatened him in any manner whatsoever in order to get him to enter the plea, and appellant replied in the negative.
In State v. Leroux, 689 So.2d 235 (Fla. 1996), Leroux filed a 3.850 motion asserting *1003 that defense counsel's advice as to the estimated time of his release constituted ineffective assistance of counsel. The state responded that the transcript of the plea colloquy, where Leroux stated he freely and voluntarily entered the plea and that no one had promised him anything in exchange for entering the plea, refuted the claim. The majority of the supreme court rejected the state's argument, noting that a defendant invariably relies upon the expert advice of counsel concerning sentencing in agreeing to plead guilty. The majority stated there may be a difference between a "promise" as commonly understood, and an attorney's expert advice to his client based on the attorney's computation and estimate of the actual amount of time a defendant may serve on a sentence. The majority concluded that such "advice is not necessarily a promise of an outcome. Rather, providing such advice is a legitimate and essential part of the lawyer's professional responsibility to his client in most plea negotiations, where often the bottom line for the defendant is the amount of time he will serve." Leroux, 689 So.2d at 237.
The supreme court in Leroux based jurisdiction, in part, on conflict with the decision in Pierce, supra. The majority in Leroux stated that Pierce was arguably distinguishable on its facts because Pierce did not involve allegations of miscalculations or advice of counsel as to the amount of time a defendant would serve. The majority's analysis in Leroux focused on allegations of misadvice from defense counsel regarding length of sentence, and the decision in Pierce was not disapproved. We decline to extend the reach of the decision in Leroux to a situation with which the supreme court was faced and which the majority declined to incorporate within its holding.
Appellant's final assertions of ineffective assistance of counsel were based on defense counsel's alleged erroneous advice that the temporary insanity defense was no longer used in Florida and failure to adequately investigate and present an insanity defense based on appellant's intoxication, drug abuse, extreme emotional disturbance, preexisting mental disease or defect, and extreme stress. The allegations of the motion are facially insufficient to support this claim.
Accordingly, we affirm the trial court's denial of appellant's motion for postconviction relief.
BARFIELD, C.J., and JOANOS and KAHN, JJ., concur.
NOTES
[1] It was determined that other issues presented by the motion should have been raised on direct appeal.