PER CURIAM.
Appellant appeals the summary denial of his Motion for Post-Conviction Relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant’s motion asserted that he would not have entered into the negotiated plea agreement but for (1) counsel’s failure to properly prepare or to inform him of the involuntary intoxication defense after being told Appellant was on drugs during the alleged offense; (2) counsel’s failure to properly explain to the trial court that Appellant was mentally ill and unable to comprehend; and (3) counsel’s misinforming Appellant that he would be eligible for parole, which would not be possible. We find the record does not conclusively rebut Appellant’s claims of ineffective assistance of counsel, and remand to the trial court for further proceedings.
In its denial of Appellant’s first two claims of ineffective assistance of counsel, the trial court stated that the record showed Appellant was not intoxicated at the time of the offense because when the police questioned Appellant, he did not appear impaired and his answers were clear and coherent. However, the record shows that the offense occurred on September 23, 1997, and he was questioned on September 26, 1997. Accordingly, it appears the trial court’s conclusion was based on erroneous facts, and is not supported by the record.
Next, the trial court’s order stated it previously made specific findings concerning Appellant’s competency to waive his Miranda rights, and therefore he found Appellant competent to enter into the negotiated plea. The record on appeal contains no such findings. The record shows only that the trial court requested written arguments following the hearing on the Motion to Suppress, in which Appellant claimed he was not competent to waive his Miranda rights. Therefore, the record does not support the trial court’s summary denial of Appellant’s second claim of ineffective assistance of counsel.
The trial court also summarily denied Appellant’s third claim, relying on McKay v. State, 715 So.2d 1001 (Fla. 1st DCA), rev. denied, 728 So.2d 203 (Fla.1998). However; this case is distinguishable from McKay, and is controlled by State v. Leroux, 689 So.2d 235 (Fla.1996). In Leroux, the Supreme Court held that a defendant’s claim during a plea colloquy that no promises were made is insufficient to rebut a claim that he relied on his counsel’s advice concerning eligibility for early release or actual time served under the imposed sentence. Id. at 237. The court noted that “[i]t would also be beneficial to *829 have the defendant further acknowledge the absence of such promises in a written plea form, if one is routinely used by the judge.” Id. Here, the written plea form incorporates this suggested language. However, unlike this case, in McKay the trial court and defense counsel noted the sentence included a mandatory 25-year term, and when the trial court asked defendant whether anyone promised him anything in order for him to enter the plea, the defendant stated “ ‘the only promise is on the agreement.’ ” Id. at 1002. Under the circumstances, in light of Appellant’s questionable competency and without his expressed acknowledgment to the court that his attorney made no promises concerning eligibility for early release, the record is insufficient to support the trial court’s summary denial of this claim.
Accordingly, we REVERSE and REMAND this case for the trial court to attach to its order portions of the record conclusively refuting Appellant’s claims, or to conduct an evidentiary hearing on Appellant’s claims of ineffective assistance of counsel.
BOOTH, MINER and VAN NORTWICK, JJ„ CONCUR.