PER CURIAM.
We reverse in part the summary denial of appellant’s motion for postconviction relief. In his first ground, appellant asserts that his guilty plea to second degree murder was involuntary. Specifically, appellant alleges that (1) although he entered the plea with the agreement that he would receive a life sentence, he did so based on the advice of counsel that he would be eligible for parole; (2) counsel led him to believe he would have to serve only eleven years in prison before being released on parole; (3) as soon as he entered the pris *1234 on system and learned that he was not eligible for parole, he promptly began filing motions in an effort to withdraw his plea; and (4) he never would have entered a guilty plea to a life sentence had he known there was no reasonable probability of ever being released, as such sentences do not exist in appellant’s homeland, Great Britain. The record attachments did not conclusively refute these allegations.
We reverse also as to the related portion of his second ground, alleging his counsel was ineffective for being unaware that appellant’s life sentence would not carry the possibility of parole. See State v. Leroux, 689 So.2d 235 (Fla.1996); King v. State, 765 So.2d 828, 829 (Fla. 1st DCA 2000)(re-versing summary denial of appellant’s postconviction claim that he would not have entered into the negotiated plea agreement but for counsel’s misinforming him that he would be eligible for parole— which was, in fact, not possible — where there was no express acknowledgment by appellant that his attorney made no promises concerning eligibility for early release).
We reverse for. the attachment of portions of the record conclusively refuting these allegations, or for an evidentiary hearing. We affirm without discussion as to the balance of appellant’s claims of ineffective assistance of counsel.
Affirmed in part, reversed in part, and remanded for further proceedings.
STEVENSON, GROSS and TAYLOR, JJ., concur.