LEWIS, C.J.
In this direct appeal, Appellant, Kevyn Terry, argues that the trial court erred in denying his unopposed motion for a continuance. Notwithstanding the State’s concession of error, we affirm. Appellant, who pled nolo contendere to the charged offenses, did not reserve the right to appeal the denial of his motion for a continuance, and the order denying his motion was not dispositive. See Fla. R. App. P. 9.140(b)(2)(A)(i) (providing that a defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved); Williams v. State, 134 So.3d 975, 976 (Fla. 1st DCA 2012) (holding that although the appellant reserved the right to challenge the competency order on appeal, the order was not legally dispositive and was, therefore, not cognizable on appeal); M.N. v. State, 16 So.3d 280, 281 (Fla. 2d DCA 2009) (en banc) (affirming the order placing the appellant on. probation, which wás entered pursuant to a nolo contendere plea, because the challenged order on the appellant’s motion to continue was not disposi-tive).[1]
AFFIRMED.
MARSTILLER, J., concurs.
BENTON, J., dissents with opinion.

. We find the dissent's reliance upon Madison v. State, 132 So.3d 237 (Fla. 1st DCA 2013), to be misplaced. Although we reversed the appellant’s convictions and sentences in that case based upon our conclusion that the trial court erred in denying the appellant's second motion for continuance, there was no reservation of rights issue given that the appellant proceeded to trial instead of pleading.