IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KEVYN L. TERRY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4241

_____/

Opinion filed July 6, 2017.

An appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Kevyn L. Terry, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.

RAY, J.

      Kevyn L. Terry challenges the summary denial of his motion for postconviction relief, asserting three claims of ineffective assistance of counsel and one claim of fundamental error. With the exception of the claim discussed below, we conclude that the postconviction court properly denied the motion.

After the trial court denied his motion to continue a pretrial proceeding due to substitution of counsel, Appellant entered an open plea to charges of possession of a controlled substance with intent to sell or distribute and possession of cannabis. During the plea colloquy, Appellant acknowledged he understood that by entering a plea, he waived his right to a direct appeal but retained "the right to collateral attack, a different type of appeal that has to do with jurisdiction, voluntariness, things like that." Neither Appellant nor his counsel attempted to preserve any appellate rights at the time of the plea. The trial court sentenced Appellant to ten years' imprisonment in the Department of Corrections followed by five years of probation.

In his direct appeal, Appellant argued that the trial court erred in denying his motion for continuance. This Court affirmed the judgment and sentence, holding that Appellant had failed to preserve for appeal the denial of his motion for continuance and that the order denying his motion was not dispositive. *Terry v. State*, 149 So. 3d 113, 113 (Fla. 1st DCA 2014).

Armed with this decision, Appellant then moved for postconviction relief, claiming that his trial counsel rendered ineffective assistance by assuring him that the denial of the motion for continuance was a dispositive issue that would be reviewable on appeal. Appellant asserted that but for this misadvice, he would have gone to trial.

2

Appellant has sufficiently alleged ineffective assistance of counsel. *See Hawley v. State*, 822 So. 2d 552, 553 (Fla. 1st DCA 2002). Because the record on appeal does not conclusively refute Appellant's allegations, the State properly concedes that the summary denial of this claim must be reversed and the matter remanded for the attachment of portions of the record conclusively refuting the claim or for an evidentiary hearing. *See King v. State*, 765 So. 2d 828, 829 (Fla. 1st DCA 2000).

AFFIRMED in part, REVERSED in part, and REMANDED.

MAKAR and WINSOR, JJ., CONCUR.