PER CURIAM.
Johnny Bolden appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand with directions.
Bolden was tried and convicted of sexual battery and burglary of an occupied dwelling involving a battery. The trial court treated him as a habitual offender and sentenced him to life imprisonment. His convictions were affirmed on direct appeal. Bolden v. State, 584 So.2d 1001 (Fla. 2d DCA 1991). Al *338 though Bolden raises three grounds in support of his motion, only one has merit.
Bolden contends that his trial counsel was ineffective for failing to file a pre-trial motion to dismiss the burglary charge. Bolden claims that he advised counsel that the criminal information alleged ownership of the dwelling unit in the wrong person, that he supplied counsel with facts showing Bolden’s father was in fact the owner, and that his father had given him continuing permission to live there and to enter at anytime. However, according to Bolden, despite assurances from counsel that he would pursue this issue, nothing was ever done to establish the affirmative defense of consent to the burglary charge. Coleman v. State, 592 So.2d 300, 301 (Fla. 2d DCA 1991) (“Consent is an affirmative defense to burglary.”).
The trial court attached part of the record in denying this aspect of Bolden’s motion. However, we determine that these portions of the record do not conclusively refute Bol-den’s allegation that his trial counsel was ineffective by failing to properly investigate his defense of consensual entry. See Campbell v. State, 616 So.2d 995 (Fla. 2d DCA 1992). Accordingly, we reverse and remand on this point for further proceedings in accordance with Campbell.
Affirmed in part, reversed in part, and remanded with directions.
DANAHY, A.C.J., and PARKER and LAZZARA, JJ., concur.