LAZZARA, Judge.
Reginald Kit appeals the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He claimed that the sentences imposed in two cases should be vacated because he was denied effective assistance of counsel. We affirm in part, reverse in part, and remand for further proceedings.
*1236 Kit was charged with dealing in stolen property[1] in case number 94-39-F. He was also charged with violating his probation in case number 93-275-F. After receiving a nine year sentence in the probation violation case, Kit entered a plea of nolo contendere to dealing in stolen property in return for a concurrent nine year sentence.
Kit’s specific allegation regarding ineffective assistance of counsel is that trial counsel never advised him that one of the essential elements of dealing in stolen property which the state must prove is that a defendant knew or should have known that the property at issue was stolen. Instead, as he asserts, counsel incorrectly advised him that the state only had to establish that the property was stolen and that he was in possession of it. Kit claims that if he had been properly advised of the “knowledge” element of the offense, he would never have entered a plea because he had proof, in the form of documentation, showing that he had purchased the property in a legitimate business transaction. He also claims that this misadvice of counsel infected his probation violation case because the new offense of dealing in stolen property was used as the sole basis to revoke his probation.
In summarily denying the motion, the trial court attached a transcript of the plea colloquy, as well as a copy of a plea form executed by Kit. It determined from these attachments that as to the dealing in stolen property case, Kit knew what statute he was charged with violating, he knew the state’s allegations against him, and he heard the factual basis presented by the state to support the plea.[2] Thus, the trial court rejected Kit’s argument that he did not understand that the state would have to prove he knew the property was stolen.
As to the probation violation case, the trial court found from “the court files” that the new offense of dealing in stolen property was not the basis for violating Kit’s probation because the violation of probation proceeding occurred two weeks before his plea. Alternatively, it determined that under the terms of Kit’s probation, an arrest for a new offense could support a violation of probation.
We conclude that the trial court erred in summarily denying that aspect of Kit’s motion directed to the dealing in stolen property case. If his allegations are true, then counsel did give incorrect advice as to the elements of this offense because the law requires the state to prove, in a prosecution brought under section 812.019(1), that a defendant knew or should have known that the property was stolen. State v. Crider, 625 So.2d 957 (Fla. 5th DCA 1993). Moreover, contrary to the trial court’s determination, we conclude that the attachments to the order do not conclusively refute Kit’s allegation of ineffective assistance of counsel. See Bolden v. State, 637 So.2d 337 (Fla. 2d DCA 1994). Accordingly, on remand, he is entitled to an evidentiary hearing to determine if counsel misstated the elements of dealing in stolen property. See Kennedy v. State, 633 So.2d 1145 (Fla. 2d DCA 1994). If such did occur, then Kit should be given the opportunity to withdraw his plea and proceed to trial where he would face “any appropriate sentence authorized by law should he subsequently be convicted.” Carmichael v. State, 631 So.2d 346, 348 (Fla. 2d DCA 1994).[3]
The resolution of the denial of that aspect of the motion directed to the probation violation case is more problematic, even though we conclude that the trial court’s stated reasons are legally insufficient. First, the trial court never attached “the court files” reflecting that the new offense of dealing in stolen property was not the basis for the violation of probation. Thus, Kit’s allegation in that *1237 regard stands unrefuted. Second, the trial court’s conclusion that Kit’s arrest for dealing in stolen property was sufficient to sustain his violation of probation is legally insupportable. The courts of this state have consistently held that a revocation of probation is improper where it is based solely upon proof of a probationer’s arrest. E.g., Manies v. State, 621 So.2d 679 (Fla. 2d DCA 1993).
Notwithstanding these deficiencies, we are compelled to affirm this aspect of the trial court’s order. Kit alleged in his motion, and we have confirmed through our records, that he currently has a direct appeal pending from his probation revocation case. Thus, the trial court was without jurisdiction to consider the motion as it related to that case. Bryan v. State, 470 So.2d 864 (Fla. 2d DCA 1986). Our affirmance, however, is without prejudice to Kit’s right to file another motion in the probation revocation case after disposition of his pending appeal, and the return of jurisdiction to the trial court. Hayes v. State, 566 So.2d 945 (Fla. 2d DCA 1990).
Affirmed in part, reversed in part, and remanded for further proceedings.
RYDER, A.C.J., and DANAHY, J., concur.

. § 812.019(1), Fla.Stat. (1993).

. The state’s factual basis was sketchy at best, consisting of the following: "As a factual basis, that on December 23rd, 1993, in Manatee County, Florida, the defendant did traffic in or endeavor to traffic in property that he knew was stolen, that property being a wood chipper, and that this was done in violation of Florida Statute 812.019(1).”

.Kit's sentencing guidelines scoresheet reflects a recommended range of nine to twelve years with-a permitted range of seven to seventeen years. Of course, dealing in stolen property is a felony of the second degree punishable by up to fifteen years.