687 So.2d 335 (1997)
Johnny Floyd BOOTH, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2246.
District Court of Appeal of Florida, Third District.
February 5, 1997.
Johnny Floyd Booth, in pro per.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and FLETCHER, JJ.
PER CURIAM.
Johnny Floyd Booth appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
In point 4 of the sworn 3.850 motion, defendant-appellant Booth states that he was affirmatively advised by his attorney that he would be eligible for 25 days per month gain time. Because of the nature of his offenses, in reality he is eligible for only 20 days per month gain time. Defendant further asserts that had he been correctly advised, he would not have entered the plea, and he asks to withdraw the plea.
As to this issue, the trial court order is reversed and the cause remanded for an evidentiary hearing on authority of State v. Leroux, 689 So.2d 235 (Fla.1996). We express no view on the merits of the motion. We remind defendant that in the event the plea is set aside and defendant is subsequently convicted, the trial court is free to impose any legal sentence, and such sentence can exceed the present plea-bargained sentence. See Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
We affirm the trial court's denial of relief on defendant's remaining 3.850 claims.
Affirmed in part, reversed in part, and remanded.