PER CURIAM.
Appellant, Jose R. Flores (“defendant”), challenges an order summarily denying his motion for post conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. We are constrained by the Florida Supreme Court’s decision in State v. Leroux, 689 So.2d 235 (Fla.1996) to reverse.
The record, which includes the transcript of the plea hearing, does not conclusively refute the defendant’s allegation that his plea was induced by erroneous information regarding the amount of time he would actually serve, provided by his attorney. Accordingly, we reverse the order denying the defendant’s motion for postconvietion relief as to this issue only, and remand for an evidentia-ry hearing on this matter. See State v. Leroux, 689 So.2d at 235 (misrepresentation by counsel as to the length of a sentence can be the basis for postconvietion relief; defendant’s negative response to question whether anything was promised him to induce plea did not conclusively refute postconvietion ineffective assistance claim based on counsel’s misrepresentations regarding sentence).
Reversed and remanded for an evidentiary hearing.