718 So.2d 1278 (1998)
Ivan RENSOLI, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1750.
District Court of Appeal of Florida, Third District.
October 14, 1998.
Ivan Rensoli, Appellant, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
COPE, Judge.
Ivan Rensoli appeals an order denying his motion under Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
Defendant-appellant Rensoli entered a nolo contendere plea to charges of trafficking in cocaine and possession of cocaine with intent to sell.[1] He was sentenced to a fifteen-year term, with five years minimum mandatory.
By sworn Rule 3.850 motion, defendant contends that he was affirmatively misadvised about the amount of time that he would be required to serve on his sentence. According to the motion, counsel advised defendant that he would serve about five years, but upon arrival in the Department of Corrections, defendant learned that he will serve a much longer period of time before release. Defendant filed an affidavit from a third party who participated in the consultation with counsel and who confirms defendant's account of the advice given. Defendant sought to set aside his plea. The trial court denied the 3.850 motion, and defendant has appealed.
The State first argues that the defendant's claim is procedurally barred. The State points out that, at bottom, defendant is challenging the voluntary and intelligent *1279 character of his plea, given his claim that he received misadvice of counsel regarding the time he would be required to serve. In some circumstances, a defendant is permitted to challenge the voluntariness of a plea by filing a direct appeal. See Robinson v. State, 373 So.2d 898, 902 (Fla.1979). In this particular case, the defendant did file a direct appeal after entry of judgment pursuant to his nolo contendere plea, but the appeal never raised the question of voluntariness of the plea. Since the defendant failed to raise the point by direct appeal, the State contends that he is now procedurally barred from raising that issue by collateral attack. We disagree.
As explained in Robinson:
If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea. If the action of the trial court on such motion were adverse to the defendant, it would be subject to review on direct appeal.
Id. In order for the defendant to have raised this issue by a direct appeal, defendant would have had to become aware of this claim, file a timely motion to withdraw a plea, and obtain a ruling thereon, prior to entry of judgment.
Here, however, defendant says that he did not discover the facts about his estimated release date until he reached the custody of the Department of Corrections. This was after the conclusion of the plea proceedings and after the entry of judgment. The record was already closed. The issue therefore could not have been raised on direct appeal. See id. at 902-03.
Thus, the defendant's first opportunity to raise this issue was by Rule 3.850 motion. "[T]he failure of a defendant to raise the issue of the validity of the plea by an appeal does not prohibit him from subsequently seeking collateral relief if the issues have not been previously addressed and ruled upon." Id. at 903.
Turning to the merits, we conclude that an evidentiary hearing is required under State v. Leroux, 689 So.2d 235 (Fla.1996), because the record does not conclusively refute defendant's claim. The plea colloquy and record are silent on the question of how much time the defendant may be required to serve. That being so, the Leroux decision calls for an evidentiary hearing. See id. at 237-38.
The State argues otherwise, and points out the following exchange between defendant and the court during the plea colloquy:
THE COURT: Now, you have heard us discuss what has been agreed to end this case.
Has anything more than that been promised to you by anybody, including me?
THE DEFENDANT: No, sir.
THE COURT: Is anybody forcing you to do this?
THE DEFENDANT: No, sir.
The State contends that the just-quoted discussion conclusively refutes the defendant's claim. The State cites a portion of the Leroux decision in which the court said, "`there may be a difference between asking a defendant whether anything was promised to get the defendant to agree to a plea, and asking whether any additional promises were made to the defendant concerning the terms of the plea apart from those discussed during the taking of the plea.'" Id. at 237 (citation omitted). According to the State, the trial court's question about "additional promises" called for the defendant to place on the record any conversations with counsel about time to be served in prison. We disagree, for the State misapprehends what the Leroux court was saying.
When the Leroux decision is read in full, it hinges on the fact that "Rule 3.850 explicitly requires that the record `conclusively' rebut an otherwise cognizable claim if it is to be denied without a hearing." Id. The Florida Supreme Court explained:
[T]here may also be a difference between a "promise" as commonly understood, and an attorney's expert advice to his client based upon the attorney's computation and estimate of the actual amount of time a defendant may serve on a sentence. Supplying such advice is not necessarily a promise of an outcome. Rather, providing such advice is a legitimate and essential part of *1280 the lawyer's professional responsibility to his client in most plea negotiations, where often the bottom line for the defendant is the amount of time he will serve.
Id. For purposes of Leroux, an attorney's estimate of time to be served in prison is not properly viewed as a promise, and a general question about "promises" does not reasonably call for disclosure of an attorney's advice about time likely to be served in prison. See id.
As further explained by the Leroux court:
[W]ere it to be made clear to a defendant at the time the plea was entered that he could not rely on anyone's estimated computation of the time the defendant would actually serve, then such a defendant would have no basis to complain later. That is the practice the district courts have urged upon the trial courts in accepting pleas.
....
A defendant who is informed by the court during the plea colloquy that he may have to serve every day of a ten-year sentence could hardly reasonably rely on counsel's advice to the contrary. But if that matter was not discussed when the plea was taken, a hearing would be necessary to determine the merits of a defendant's claim that he relied in good faith upon the erroneous advice of his attorney in entering a plea. It is only when the record "conclusively" establishes that the defendant did not rely on the advice of counsel that a summary adjudication will be proper.

Id. at 237-38 (emphasis added; citations omitted); see also Hoskins v. State, 713 So.2d 1127, 1128 (Fla. 3d DCA 1998).
As the record does not conclusively refute the sworn claim of affirmative misadvice by counsel, we reverse and remand for an evidentiary hearing pursuant to Leroux. We affirm the denial of postconviction relief on the remaining issues.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] Defendant simultaneously entered pleas in two other cases, which are not challenged here.