746 So.2d 515 (1999)
James BELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-2269.
District Court of Appeal of Florida, Third District.
December 8, 1999.
Eric M. Cohen, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Barbara A. Zappi, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
COPE, J.
James Bell appeals an order denying his motion for postconviction relief. We reverse.
Pursuant to a plea agreement, defendant-appellant Bell entered a no contest plea to resisting an officer with violence and unlawful possession of a firearm by a convicted felon. He was sentenced as a habitual violent felony offender to a five-year *516 mandatory minimum term on the former offense, and a concurrent ten-year mandatory minimum term on the latter offense.
Defendant filed a sworn motion for postconviction relief stating that his counsel had repeatedly advised him that he would only be required to serve eighty-five percent of his sentence. Witnesses to this advice included his brother, Bernard Bell, and a friend, Lamont Harris. He stated that upon arrival at the Department of Corrections, he was informed that the entirety of the sentence was a mandatory minimum, which would require him to serve one-hundred percent of the sentence imposed. Defendant asserted that, had he known this, he would not have entered into the plea agreement, and requested leave to withdraw the plea. The trial court denied the postconviction motion without an evidentiary hearing, and defendant has appealed.
While the plea colloquy indicates that the sentences being imposed were mandatory minimum sentences, the plea colloquy nowhere addressed the issue of how much time the defendant would be required to serve. Defendant's sworn motion states that he was repeatedly told by his counsel that he would only have to serve eighty-five percent of the sentence imposed. The record does not conclusively refute that claim. Under State v. Leroux, 689 So.2d 235 (Fla.1996), and the subsequent decisions interpreting it, defendant is entitled to an evidentiary hearing on this claim. See Rensoli v. State, 718 So.2d 1278 (Fla. 3d DCA 1998); see also Rivero v. State, 744 So.2d 1255 (Fla. 3d DCA 1999); Isaza v. State, 746 So.2d 492 (Fla. 3d DCA 1999); Flores v. State, 717 So.2d 161 (Fla. 3d DCA 1998); Yates v. State, 720 So.2d 285 (Fla. 2d DCA 1998); Booth v. State, 687 So.2d 335 (Fla. 3d DCA 1997).
As the Florida Supreme Court has explained:
A defendant who is informed by the court during the plea colloquy that he may have to serve every day of a ten-year sentence could hardly reasonably rely on counsel's advice to the contrary. But, if that matter was not discussed when the plea was taken, a hearing would be necessary to determine the merits of a defendant's claim that he relied in good faith upon the erroneous advice of his attorney in entering a plea.
Leroux, 689 So.2d at 238 (citations omitted); Hoskins v. State, 713 So.2d 1127 (Fla. 3d DCA 1998).
In rejecting defendant's claim, the trial court pointed out that in 1991 defendant had been sentenced to a term of years which included a three-year mandatory minimum sentence. The court reasoned that the defendant necessarily must know what a mandatory minimum sentence is and that he must have understood the legal significance of his plea. We do not think that fact overcomes the defendant's assertion that counsel assured him he would only be required to serve 85% of his sentence. Under Leroux, defendant is entitled to a hearing on his claim.
Reversed and remanded for further proceedings consistent herewith.