PER CURIAM.
Jose Luis Borrego appeals an order denying his motion for postconviction relief. *789 He contends that in entering his no contest plea, he was given affirmative misadvice about the amount of time he would be required to serve, and was not informed of the reasonable consequences of habituali-zation. The State properly concedes that the plea colloquy and record do not conclusively refute the appellant’s claims. See Fla. R.App. P. 9.140(i); State v. Leroux, 689 So.2d 235 (Fla.1996); Rivero v. State, 744 So.2d 1255 (Fla. 3d DCA 1999); Isaza v. State, 746 So.2d 492 (Fla. 3d DCA 1999); Bell v. State, 746 So.2d 515 (Fla. 3d DCA 1999); Rensoli v. State, 718 So.2d 1278 (Fla. 3d DCA 1998); see also Ashley v. State, 614 So.2d 486 (Fla.1993). Accordingly the order denying postconviction relief is reversed and the cause remanded for an evidentiary hearing.
Reversed and remanded.