PER CURIAM.
- Eric A. Wilson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Wilson asserts that he would not have entered a plea to the *238 numerous charges against him but for his counsel’s erroneous advice concerning the amount of gain time for which Wilson would be eligible. This is a facially sufficient claim that is not conclusively refuted by the record. See Criss v. State, 713 So.2d 1078 (Fla. 2d DCA 1998). Accordingly, we reverse and remand for an evi-dentiary hearing.
The trial court denied Wilson’s claim based on the plea colloquy during which Wilson indicated that his plea was not based on any promises or threats. Wilson’s acknowledgment that he was not induced to enter a plea by promises or threats does not defeat his claim. See State v. Leroux, 689 So.2d 235 (Fla.1996). For Wilson’s claim to be conclusively refuted by the record, the trial court would have had to inquire of Wilson during the plea colloquy whether any promises were made to him concerning the amount of time he would serve on his sentence. See Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994).
Reversed and remanded.
BLUE, A.C.J., and FULMER and STRINGER, JJ., Concur.