795 So.2d 1061 (2001)
Matthew J. LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1883.
District Court of Appeal of Florida, Fourth District.
September 19, 2001.
Matthew J. Lewis, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Christine D. Coughlin, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant appeals a trial court order summarily denying his motion for post conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
Appellant alleged in his motion that his trial counsel advised him that if he entered a guilty plea to the charge of armed burglary he would serve only twenty six months in prison with credit for time served after gain time was credited to his sentence. He alleged that he learned after entering his plea and receiving a sentence of 42.05 months in prison, with a three year mandatory minimum, he would not be entitled to gain time for the three year mandatory minimum portion of his sentence. Instead, he would receive gain time only on the balance of his sentence. Thus, he alleged his plea was involuntary and that his trial counsel rendered ineffective assistance of counsel in advising him about gain time entitlement.
The trial court summarily denied post-conviction relief, finding that the record refuted his claims. In its order, the trial court cited the plea colloquy in which appellant said that he read the plea agreement and that no one had made him any promises other than what was contained there and what was stated in open court regarding his sentence. The trial court also attached the waiver of rights agreement which stated that appellant had not received any promises from anyone, including his counsel, regarding eligibility for any form of early release or the actual amount of time he will serve under the sentence to be imposed.
In State v. Leroux, 689 So.2d 235 (Fla. 1996), the Supreme Court of Florida held that a defendant's negative response to the trial court's question of whether anything had been promised to him to induce his guilty plea did not conclusively refute his claim in a motion for post-conviction relief that his plea was the product of trial counsel's misrepresentations about the amount of time he would actually serve and his eligibility for gain time.
The State argues that Leroux is distinguishable because the appellant here was advised that he was being sentenced to a mandatory minimum sentence of three years as part of his total sentence. However, we find that this fact does not conclusively refute appellant's claim that he was erroneously advised by his own counsel that he still would be entitled to gain time *1062 and would have to serve only approximately twenty six months of his total sentence.
Accordingly, the summary denial is reversed and this cause is remanded for an evidentiary hearing consistent with this opinion.
REVERSED AND REMANDED.
DELL, STEVENSON and HAZOURI, JJ., concur.