824 So.2d 1050 (2002)
Michael FISHER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-535.
District Court of Appeal of Florida, Third District.
September 4, 2002.
*1051 Michael Fisher, in proper person.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Michael Fisher appeals the denial of his rule 3.800 motion for post-conviction relief. We reverse because the trial court should have held an evidentiary hearing rather than summarily denying Fisher's motion.
Fisher claims that his attorney advised him that he would serve two years if he pled guilty. Subsequent to Fisher's arrival at the Department of Corrections, the department informed him that he was to serve five years.
Misrepresentations from counsel as to the length of a sentence can be the basis for post-conviction relief. See State v. Leroux, 689 So.2d 235, 236 (Fla.1997). Relief may be denied without a hearing only where the record conclusively refutes such a claim. Id. at 238. In Leroux, the defendant was asked during his plea colloquy if anyone had promised him anything to get him to plead guilty. He responded in the negative. The Fourth District reversed the denial of Leroux's rule 3.850 motion for post-conviction relief because the plea colloquy did not conclusively refute Leroux's claim that his plea was the result of counsel's erroneous advice concerning the actual time to be served. The Florida Supreme Court upheld the district court decision that Leroux's plea colloquy did not conclusively refute his claim, finding that there is a difference between an attorney's advice based on his computation of the amount of time the client will serve and a promise of a definite outcome. Thus, asking a defendant about any promises *1052 made is not an inquiry into misadvice from counsel.
Similarly, in Rensoli v. State, 718 So.2d 1278, 1280 (Fla. 3d DCA 1998), this Court reversed the summary denial of post-conviction relief and remanded for an evidentiary hearing because the record did not conclusively refute the defendant's claim of misadvice from counsel. During Rensoli's plea colloquy, the trial court asked: "[h]as anything more than [what you have just heard discussed] been promised to you by anybody, including me?". Id. at 1279. Rensoli answered, "[n]o, sir." Id. This dialogue was insufficient to conclusively refute Rensoli's claim of misadvice from counsel.
In this case, during Fisher's plea colloquy, the trial court asked: "Mr. Fisher, no one has promised you that you would get out of jail early or get special gain time or any kind of special sentence that you would receive?" Fisher answered, "[n]o, sir."
As in Leroux and Rensoli, this record is silent on the question of how much time the defendant may be required to serve. Consequently, this record does not conclusively refute Fisher's claim of misadvice from counsel. We therefore reverse and remand for an evidentiary hearing as to that claim. If, after a hearing, the court determines that Fisher received affirmative misadvice from counsel, he may be entitled to relief from his plea.
Reversed and remanded.