PER CURIAM.
Onaray Vashon Jordan appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand for a hearing.
Defendant Jordan entered into a plea bargain with regard to five 1993 cases. He received a thirty-five-year sentence, as agreed.
Defendant-appellant Jordan alleges that he received affirmative misadvice from his trial counsel at the time he entered his plea. He states his trial counsel told him that he would be eligible for basic gain time and incentive gain time. According to the defendant, his counsel advised him that he could expect to serve about twelve years of the thirty-five-year sentence.
The defendant asserts that in October 2001, he was advised by the Department of Corrections that he was not eligible for basic gain time on one of the charges, sexual battery. See § 794.011(7), Fla. Stat. (1993). The defendant asserts that he will be required to serve all, or most, of the thirty-five year term.
The defendant has attached to his motion a memorandum he received from the Department of Corrections on October 10, 2001, advising him of this ineligibility for basic gain time. He filed his postconviction motion shortly thereafter, in January of 2002. His motion asserts that he did not previously know this information.
*267 The State argues that the defendant must have known this information at an earlier date because the defendant has previously filed postconviction motions seeking additional credit for jail time served before sentencing. We reject the State’s argument on this point. The request for additional credit for jail time served does not involve any issue regarding Department of Corrections gain time.
The Department argues that the defendant must necessarily have been given information regarding his tentative release date at an earlier time while he was in the prison system, which would have alerted him to this issue. However, there is nothing in the record before us which conclusively refutes this claim.
Under State v. Leroux, 689 So.2d 235 (Fla.1996), affirmative misadvice regarding the amount of time to be served on an agreed sentence can be a basis for post-conviction relief. Id. at 238; see also Fisher v. State, 824 So.2d 1050 (Fla. 3d DCA 2002); Bauder v. State, 768 So.2d 1232 (Fla. 3d DCA 2000); Gonzales v. State, 766 So.2d 452 (Fla. 3d DCA 2000); Carter v. State, 752 So.2d 725 (Fla. 3d DCA 2000); Bell v. State, 746 So.2d 515 (Fla. 3d DCA 1999); Rensoli v. State, 718 So.2d 1278 (Fla. 3d DCA 1998).
We reverse and remand this matter for an evidentiary hearing on (1) the issue of the timeliness of the defendant’s motion, and (2) if timely, the merits of the defendant’s claim.
Reversed and remanded for further proceedings consistent herewith.