845 So.2d 280 (2003)
Michael Thomas WEAVER, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D02-364, 3D00-1019, 3D02-356.
District Court of Appeal of Florida, Third District.
May 14, 2003.
Michael Thomas Weaver, in proper person.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
COPE, J.
This is an appeal after adjudication and sentencing for the offenses of second degree murder and armed robbery, and an appeal from a denial of postconviction relief. We remand for a hearing on the voluntariness of the plea.

I.
Michael Thomas Weaver was indicted for first degree murder, armed robbery, and unlawful possession of a firearm while engaged in a criminal offense.[1] In September 1999, the State and the defense entered into a plea agreement whereby defendant-appellant Weaver would plead guilty to a reduced charge of second degree murder and armed robbery. The length of the sentence would be left up to the trial judge. In the September plea *281 colloquy, the trial court accepted the plea,[2] ordered a presentence investigation, and scheduled a sentencing hearing for December 1999.
Prior to the sentencing hearing, the defendant filed a pro se motion to withdraw his plea. He asserted that he accepted the plea offer based on counsel's advice that he would still be allowed to withdraw the plea at any time prior to sentencing.
At the start of the December sentencing proceeding, the defendant addressed the court and argued his pro se motion to withdraw his plea. The State responded that the defendant's claims were conclusively refuted by the plea colloquy itself. Defense counsel was offered the opportunity to comment about the defendant's allegations of misadvice but he declined to do so.
The trial court denied the motion to withdraw the plea. The defendant then said he felt his appointed counsel had lied to him about his ability to withdraw his plea, and stated that he did not want to be represented by the attorney any longer. The court advised the defendant that he was free to discharge his counsel, but would thereafter have to represent himself. After a Faretta[3] inquiry, the defendant decided to discharge counsel and represented himself at sentencing.
The trial court imposed consecutive life sentences, and the defendant has appealed.
Although this court appointed counsel to assist the defendant with this appeal, the defendant requested leave of this court to proceed pro se for this appeal and this court granted the defendant's request.

II.
The defendant's main claim on appeal is that his plea was involuntary. The plea bargain in this case called for a plea to reduced charges, with the length of sentence to be left up to the trial court. The plea was accepted in September, a presentence investigation was ordered, and sentencing was scheduled for December 1999.
After the September plea colloquy, the defendant filed a pro se motion to withdraw plea, claiming that his defense counsel had assured him he could withdraw his plea as a matter of right at any time before sentence was imposed in December. At the start of the sentencing proceeding, the defendant argued his pro se motion. Although trial counsel was given an opportunity to respond to the defendant's claim, trial counsel elected to say nothing. In our view, the defendant is entitled to an evidentiary hearing on the claim. Accordingly, we remand for that purpose.
The State argued that the plea colloquy conclusively refuted the defendant's claim. We agree with the State that the judge's plea colloquy was thorough, fair, and appropriate. However, the colloquy did leave open the possibility that under certain circumstances the plea could be withdrawn. We are not convinced that the colloquy conclusively refutes the defendant's claim, and accordingly remand for an evidentiary hearing on the issue of voluntariness.[4]
If the trial court concludes that the plea was involuntary, then the defendant will be entitled to withdraw his plea and the State *282 may reinstate the original charges. If, however, the court rejects the claim of involuntariness, then the judgment and sentences will stand as originally imposed.
By postconviction motion the defendant also claims that his sentences should not exceed the sentencing guidelines. That claim is conclusively refuted by the record.
The bargain in this case was for a plea to the reduced charge of second degree murder (in place of the original charge of first degree murder) plus the charge of armed robbery. Under the agreement, the sentence could be anything from the minimum up to the maximum penalty being sought by the State, which was consecutive life sentences. Counsel for both sides as well as the defendant acknowledged that this was the agreement. Under the terms of the plea bargain, the sentencing guidelines were inapplicable.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] The crime date was October 31, 1994.
[2] We reject defendant's claim that the trial court never accepted the plea during the September colloquy. Clearly the court did, for it concluded the colloquy with a finding of guilt on the charges to which the defendant pled.
[3] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[4] Counsel should be appointed for the hearing.