PER CURIAM.
The appellant challenges the trial court’s order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged his trial counsel affirmatively mi-sadvised him regarding his eligibility for gain time. Because the trial court failed to attach portions of the record conclusively refuting the appellant’s claim, we reverse.
The trial court concluded that the appellant was not entitled to relief because he was fully advised as to the length of his sentence and attached portions of the sentencing hearing to support its conclusion. However, the appellant is not alleging ineffective assistance of counsel for failure of trial counsel to advise him of the potential length of his sentence, but instead for trial counsel’s misadvice regarding how much of the imposed sentence he would actually serve. Affirmative misadvice of counsel as to eligibility for gain time is a basis for postconviction relief, if not refuted by the record. See Jordan v. State, 833 So.2d 266 (Fla. 3d DCA 2002); Wilson v. State, 760 So.2d 237 (Fla. 2d DCA 2000); Little v. State, 673 So.2d 151 (Fla. 1st DCA 1996).
Accordingly, we reverse the trial court’s order and remand with instructions to either hold an evidentiary hearing or attach portions of the record conclusively refuting the appellant’s claim.
REVERSED and REMANDED.
ALLEN, DAVIS and BENTON, JJ., concur.