PER CURIAM.
Quannah Bowers appeals the summary denial of his motion for post-conviction relief. We reverse and remand for further proceedings.
Bowers pled guilty to numerous counts in an open plea to the court. In his post-conviction motion, Bowers sought to withdraw his pleas arguing they were not intelligently and voluntarily entered. Bowers alleged counsel affirmatively misadvised him that he would receive no more than 82 months in prison. Further, counsel allegedly told Bowers he would move for a downward departure, in order to obtain the “promised” sentence, and that Bowers could “take [his] pleas back” if the court denied the motion for downward departure. Bowers’s post-conviction motion also alleged he received an illegal sentence.
The trial court adopted and attached the state’s response to the order summarily denying the post-conviction motion. Attached to the order are a copy of the written plea form and a transcript of the plea colloquy in which Bowers affirmed he was not promised any result in return for the guilty pleas. The record also showed Bowers was made aware he faced a maximum penalty of a hundred years in prison with a minimum of ten years. Thus, the record attachments conclusively refuted the claim Bowers’s pleas were not intelligently or voluntarily entered based on counsel’s “promise” of a certain sentence.
The plea colloquy and forms, however, do not conclusively refute Bowers’s claim he would not have entered his pleas absent counsel’s affirmative misadvice that Bowers could withdraw his plea if the court denied the motion for downward departure. See State v. Leroux, 689 So.2d 235 (Fla.1996)(holding general question about *774 whether any promises were made concerning the sentence that would be imposed did not refute the claim that counsel promised early release due to gain time).
The Supreme Court of Florida noted in Leroux, “[T]here may also be a difference between a ‘promise’ as commonly understood, and an attorney’s expert advice to his client.... Supplying such advice is not necessarily a promise of an outcome.” Id. at 237. See also Brana v. State, 830 So.2d 942 (Fla. 4th DCA 2002)(finding when appellant’s attorney told him the sentences would be concurrent, appellant could have reasonably understood that as a statement of law, not a promise or a representation given to induce the plea). In this case, the attorney’s statement regarding Bowers’s ability to later withdraw his plea could reasonably be understood as a statement of law and not a promise about a result.
Affirmative misadvice about a defendant’s ability to withdraw a plea can constitute a legally sufficient claim of ineffective assistance of counsel. See Weaver v. State, 845 So.2d 280 (Fla. 3d DCA 2003)(finding claim that counsel promised the defendant would have the absolute right to withdraw his plea before sentencing was not conclusively refuted by the record where colloquy was silent on this point). As Bowers’s claim is sufficient and not conclusively refuted by the record, we remand for an evidentiary hearing on this issue. McLin v. State, 827 So.2d 948 (Fla. 2002); Fla. R.Crim. P. 3.850.
In response to Bowers’s claims of an illegal sentence, the state acknowledged that the sentencing order on count three of case number 00-19384CF10B must be corrected to reflect one year in prison to run consecutively to all other counts. The record in this case does not reflect whether this correction to the written sentence ever occurred. On remand, we direct the trial court to correct the written sentencing order accordingly.
GUNTHER, STEVENSON and MAY, JJ., concur.