GRIFFIN, J.
Defendant William Siner [“Siner”] appeals the summary denial of his 3.850 motion for post-conviction relief. Siner entered nolo contendere pleas to attempted sexual battery and lewd and lascivious offenses, and was sentenced to a total of thirty-five years’ incarceration to be followed by ten years of probation. There was no direct appeal. Siner raises five grounds in his rule 3.850 motion. We see a problem with the summary denial of ground three only.
In ground three, Siner claims that counsel gave affirmative misadvice regarding gain time and parole, and misrepresented the length of time he would have to actually serve in prison. Siner claims that trial counsel told him he had reliable information that the laws relating to gain time and parole eligibility were going to be changed and that he would serve at most ten years of incarceration. Siner further alleges that trial counsel represented that because of prison overcrowding, parole was going to be reinstated, and due to his age and lack of criminal history, he would be an excellent candidate for parole. Siner also claims that counsel advised him to respond in the negative at the plea hearing if asked about any promises so as not to jeopardize the plea, maintaining that the parole commission would look favorably upon him for admitting his guilt.
Siner alleged that he is ineligible to receive gain time due to his' sex offender' status and that no bill has been introduced for the reinstatement of parole for any-inmates. Siner claims that he was sixty-one years of age when he entered his plea to thirty-five years and, had it not been for counsel’s assurances that he would be eligible for gain time or parole, he would not have entered the plea and would have gone to trial.
The trial court did not expressly respond to this ground in the order denying relief. After discussing several other grounds, the trial court merely stated that “the remaining allegations are either successive or without merit.” No documents showing that Siner had previously raised this issue were attached, however. Therefore, we asked for a response from the State, which acknowledged that such affirmative misadvice by counsel as to the eligibility for gain time is a basis for post-conviction relief. See O’Neal v. State, 860 So.2d 456 (Fla. 1st DCA 2003); Montgomery v. State, 615 So.2d 226 (Fla. 5th DCA 1993).
At the plea hearing, Siner answered in the negative when the court asked if anyone had threatened or coerced him to do anything regarding the plea agreement. However, Siner was not asked if his attorney or anyone else had made any promises regarding gain time, parole eligibility, or the actual amount of time that he might serve in prison. In State v. Leroux, 689 So.2d 235 (Fla.1996), a defendant claimed that counsel gave erroneous advice concerning the time he would actually serve in prison and his eligibility for gain time. The plea colloquy in that case involved a question as to whether, anything had been promised to defendant to induce the plea, and defendant answered in the negative. The supreme court held, however, that defendant’s negative response to the ques-tibh of whether anything had been promised to him to induce the plea did not conclusively refute the claim of counsel’s misadvice, and held that an evidentiary hearing would be necessary. Id. at 238. During the plea colloquy in this case, the court referred to a written plea form that was signed by Siner, but that written plea *690 was not attached to the order denying relief.
We accordingly reverse and remand for an evidentiary hearing on this issue. In doing so, we do not imply a view of the legal merits of Siner’s claim. There is a qualitative difference between an attorney’s misadvice about the law applicable to a given plea or sentence and a lawyer’s expression of opinion as to possible future changes in the law. The legal sufficiency of Siner’s claim will await a determination by the trial court as to exactly what, if anything, Siner’s counsel told him about the length of time he would serve.
REVERSED and REMANDED.
PLEUS and MONACO, JJ., concur.