PER CURIAM.
Larry Thomas appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. Thomas alleged that his plea was involuntarily entered because counsel promised that Thomas would be allowed to go to boot camp after serving 5 months in prison. Thomas also claimed that counsel was ineffective in giving the above misadvice. Thomas alleged that counsel told him to answer, “yes” to the judge’s questions during the plea colloquy.
The' plea colloquy and forms do not conclusively refute Thomas’ claims. State v. Leroux, 689 So.2d 235 (Fla.1996); Lewis v. State, 795 So.2d 1061 (Fla. 4th DCA 2001); Griffin v. State, 869 So.2d 773 (Fla. 4th DCA 2004).
The plea colloquy and forms established that Thomas was aware that he would be sentenced to prison as a youthful offender. This, however, is not inconsistent with Thomas’ claim that counsel told him that he would be allowed into boot camp after five months in prison. Under the statutes governing Youthful Offenders, a youthful offender sentenced' to incarceration is screened by the Department of Corrections (DOC) for eligibility into a basic training or “boot camp” program. § 958.045(2), Fla. Stat. (2003).
Nothing attached to the record conclusively shows that Thomas was correctly advised that entry into a DOC “boot camp” program depended on the Department’s screening decision. If counsel misadvised Thomas (as alleged in the sworn motion), then Thomas’ plea may have been entered based on a misrepresentation as to the actual amount of time that Thomas would actually serve. See Lewis, 795 So.2d at 1061.
*147 We reverse and remand for an eviden-tiary hearing or for the attachment of portions of the record (should any exist) that conclusively refute the claim of affirmative misadvice about the actual amount of time that would be served.
GUNTHER, SHAHOOD and HAZOURI, JJ., concur.