WELLS, Judge.
Reinaldo Garcia appeals the summary denial of his rule 3.850 post-conviction motion alleging ineffective assistance of trial counsel. Because Garcia’s facially sufficient claim is neither conclusively refuted by the record, nor otherwise procedurally barred, we reverse and remand for an evidentiary hearing.
In August 1998, Garcia and two co-defendants were arrested and charged by the State with armed trafficking in more than 400 grams of cocaine, attempted trafficking in cocaine, conspiracy to traffic in cocaine and trafficking in cocaine. Garcia was released on bond pending trial in State court.
While out on bond in this case, in September 1998, Garcia and other co-defendants were arrested and charged in federal court with several counts of importing, selling and distributing narcotics. Garcia thereafter entered into a federal plea agreement whereby he was to plead guilty to the State court charges and to testify as a State witness against a co-defendant in exchange for subsequent mitigation of his federal sentence. Garcia was thereafter sentenced to 151 months in federal prison.
In March 2001, Garcia entered into plea negotiations with the State in this case in accordance with his federal plea agreement. On August 16, 2001, the lower court accepted the parties’ plea agreement *608 and sentenced Garcia to ten years in State prison to run concurrent with his federal sentence. Thereafter, the United States Attorney’s Office moved to reduce Garcia’s federal prison sentence. The federal court reduced his sentence to a term of 91 months, or 7.5 years, on October 3, 2003.
On January 5, 2004, Garcia filed a pro se 3.850 motion for post conviction relief alleging ineffective assistance of trial counsel. According to the defendant, he had been misadvised by his trial counsel that, upon the federal court’s reduction of his federal sentence (which was to take place after his State plea), his State sentence would be reduced to run coterminous with the federal sentence.[1] Garcia further alleged that he would not have pled guilty in this case had he known that this was not true.
On July 28, 2004, the lower court held a hearing on Garcia’s motion. At the beginning of the hearing, the State conceded that Garcia had stated a facially sufficient claim that had to be rebutted by evidence.[2] The trial court, however, immediately called a short recess, produced Garcia’s plea colloquy and stated, “Now. With that colloquy, talk to me.” At that juncture, the State argued that Garcia’s ineffective assistance of counsel allegations were conclusively refuted by Garcia’s negative response during the plea colloquy to the trial court’s inquiry as to whether anyone had promised Garcia anything other than what had been stated during the colloquy (that is, that he was to receive a ten year sentence to run concurrent with his federal sentence). Garcia’s attorney disagreed, noting that the plea colloquy was ambiguous at best, and that Garcia’s trial counsel had allegedly told Garcia not to mention the coterminous element of the State sentence during the plea colloquy because it would have negative consequences in Garcia’s federal case and would also endanger Garcia’s family members who were actively cooperating with the federal authorities in that case, a case that was still pending against other co-defendants. The trial court agreed with the State and denied Garcia’s motion without taking any testimony, finding that his ineffective assistance of counsel claim was conclusively refuted by the plea colloquy. We disagree.
In Jacobs v. State, 880 So.2d 548, 550-51 (Fla.2004), the Florida Supreme Court clearly explained that where a facially sufficient 3.850 motion is not conclusively refuted by the record, an evidentia-ry hearing is required:
[I]f the trial court finds that the motion is facially sufficient, that the claim is not conclusively refuted by the record, and that the claim is not otherwise proeedurally barred, the trial court should hold an evidentiary hearing to resolve the claim.
In this case, Garcia’s claims of affirmative misadvice regarding the reduction of his State sentence following reduction of his federal sentence and the instruction to stand mute regarding the federal plea agreement were not refuted by either the plea colloquy or the record, entitling him to an evidentiary hearing on the issue. See, e.g., Bowers v. State, 862 So.2d 772, 773-74 (Fla. 4th DCA 2003)(reversing the summary denial of an ineffective assistance of counsel claim based on affirmative mis- *609 advice of trial counsel, and remanding for an evidentiary hearing, because the plea colloquy did not conclusively refute the claim); Fisher v. State, 824 So.2d 1050, 1051-52 (Fla. 3d DCA 2002) (reversing for an evidentiary hearing where the record did not conclusively refute the defendant’s claim of misadvice by trial counsel as to how long he would serve in prison if he pled guilty); Lewis v. State, 795 So.2d 1061, 1061-62 (Fla. 4th DCA 2001)(revers-ing the summary denial of a claim of ineffective assistance of counsel, and remanding for an evidentiary hearing, because the plea colloquy did not conclusively refute the defendant’s claim that “he was erroneously advised by his own counsel that he still would be entitled to gain time and would have to serve only approximately twenty six months of his total sentence”); Rensoli v. State, 718 So.2d 1278, 1279 (Fla. 3d DCA 1998) (finding that the defendant was entitled to an evidentiary hearing on his claim that trial counsel had misadvised him about the amount of time that he would be required to serve on his sentence because “[t]he plea colloquy and record are silent on the question of how much time the defendant may be required to serve”). Finding no merit in the remainder of Garcia’s claims, we reverse and remand for an evidentiary hearing on this claim.

. Garcia's trial counsel allegedly assured him that this had been agreed to during several side bars which took place during the plea colloquy, but which were apparently off-the-record.

. Garcia's motion was accompanied by five affidavits, all of which stated that Garcia’s counsel represented in the affiants' presence that Garcia’s State sentence would end at the same time as his federal sentence.