PER CURIAM.
 

 The appellant, Richard E. Wilson, appeals the summary denial of his postcon-viction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds one and two without further discussion. However, for the reasons discussed below, we reverse and remand the denial of ground three.
 

 In October 2007, following a plea of nolo contendere, Wilson was convicted of lewd and lascivious battery in case 06-750. At the time he committed the lewd and lascivious battery, Wilson was apparently on probation for cases 96-1043 and 96-1046. When he pleaded to lewd and lascivious battery in case 06-750, he also admitted violating probation/release in cases 96-1043 and 96-1046. Wilson was sentenced to a total of ten years’ imprisonment to be followed by ten years of probation in all three cases.
 

 In ground three, Wilson asserts that his counsel misadvised him that he would receive gain time for the 1996 cases, so that
 
 *738
 
 only 2 1/2 years would remain for him to serve in those cases. However, upon his transfer to the Department of Corrections (DOC) he realized that his gain time in those cases would be forfeited. Wilson alleges that he would not have entered a plea/admission had he known that there was a possibility that his earned gain time would be forfeited. Wilson has filed a timely, facially sufficient claim which is not refuted by the record.
 
 See O’Neal v. State,
 
 860 So.2d 456 (Fla. 1st DCA 2003) (holding that affirmative misadvice by counsel as to the eligibility for gain time is a basis for postconviction relief).
 

 Accordingly, we AFFIRM the denial of grounds one and two, but REVERSE and REMAND for the trial court to attach records conclusively refuting ground three or hold an evidentiary hearing.
 

 DAVIS, PADOVANO, and ROWE, JJ., concur.