# Third District Court of Appeal

## State of Florida

Opinion filed February 4, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2640
Lower Tribunal No. 12-7730 A
_____

**Aurea Santos,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Joanne Diez, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and SCALES, JJ.

PER CURIAM.

Appellant, Aurea Santos ("Santos"), appeals from the trial court's order summarily denying her Motion for Post-Conviction Relief filed pursuant to Florida

Rule of Criminal Procedure 3.850. Because we find that the trial court erred in denying Santos's Motion for Post-Conviction Relief without first holding an evidentiary hearing, we reverse the trial court's order and remand for further proceedings.

I.    FACTUAL AND PROCEDURAL HISTORY

Santos was charged with one count of dealing in stolen property[1] and one count of unlawfully purchasing regulated metals property.[2] Santos pled guilty to both counts. As a condition of the plea, the trial court withheld adjudication and sentenced her to three years on probation.

After entering the plea, Santos filed a Motion for Post-Conviction Relief requesting the right to withdraw her guilty plea pursuant to Rule 3.850. Santos asserted that trial counsel had not properly advised her of the elements for the charged offense. In summarily denying the motion, the trial court attached a transcript of the plea colloquy to its written order. The trial court determined that Santos knowingly entered the plea, that she understood the nature of the charges against her and the consequences of the plea, and that Santos waived her right to require the State prove its case against her beyond a reasonable doubt.

---

[1] Section 812.019(1), Florida Statutes (2012), states: "Any person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084."

[2] Section 538.26(4), Florida Statutes (2012), reads in relevant part: "It is unlawful for a secondary metals recycler to do or allow any of the following acts . . . (4) [p]urchase regulated metals property . . . ."

II.    ANALYSIS

We conclude that the trial court erred in summarily denying Santos's Motion for Post-Conviction relief based on ineffective assistance of trial counsel. In Jacobs v. State, 880 So. 2d 548 (Fla. 2004), the Florida Supreme Court explained that "if the trial court finds that the motion is facially sufficient, that the claim is not conclusively refuted by the record, and that the claim is not otherwise procedurally barred, the trial court should hold an evidentiary hearing to resolve the claim." Id. at 551. After reviewing the plea colloquy attached to the trial court's order, we conclude that the colloquy does not conclusively refute Santos's allegation of ineffective assistance of counsel.

Because the attached plea colloquy to the trial judge's order does not refute Santos's sworn claim regarding ineffective assistance of her defense counsel, the trial court must conduct an evidentiary hearing. See, e.g., State v. Leroux, 689 So. 2d 235, 237-38 (Fla. 1996) (reversing for evidentiary hearing because plea colloquy and record did not conclusively refute defendant's post-conviction relief claim); Bowers v. State, 862 So. 2d 772, 773-74 (Fla. 4th DCA 2003) (same); Fisher v. State, 824 So. 2d 1050, 1051-52 (Fla. 3d DCA 2002) (same); Lewis v. State, 795 So. 2d 1061, 1061-62 (Fla. 4th DCA 2001) (same); Rensoli v. State, 718 So. 2d 1278, 1279 (Fla. 3d DCA 1998) (same); Kit v. State, 654 So. 2d 1235, 1236 (Fla. 2d DCA 1995) (same).

3

Accordingly, on remand, Santos is entitled to an evidentiary hearing to determine if her allegation is true that trial counsel failed to correctly advise her regarding the elements of the charged offense. If Santos proves her allegation of ineffective assistance of counsel, she should be given the opportunity to withdraw her plea and proceed to trial.

REVERSED AND REMANDED.