# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1829
Lower Tribunal No. 94-37277
_____

**Michael T. Weaver,**
Petitioner,

vs.

**The State of Florida,**
Repondent.

A case of Original Jurisdiction – Habeas Corpus.

Michael T. Weaver, in proper person.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for respondent.

Before ROTHENBERG, LOGUE and SCALES, JJ.

PER CURIAM

Michael T. Weaver petitions this Court for a writ of habeas corpus challenging the legality of his 1999 criminal sentence. Weaver pled guilty to second degree murder, armed robbery, and unlawful possession of a firearm while engaged in a criminal offense. On December 13, 1999, the trial court sentenced Weaver to consecutive terms of life imprisonment for the second degree murder and armed robbery counts. Upon consideration of Weaver's arguments in his petition for writ of habeas corpus, we deny the petition and issue an order to show cause as described below.

Weaver has lodged in both the federal and state courts repeated objections to his sentence. His objections are twofold: (1) Because Weaver entered into a plea agreement, it was improper for the trial judge to impose a sentence that represented an upward departure of the sentencing guidelines, and then fail to state the reason for the departure; and (2) Weaver's plea was not voluntary.

Weaver's current petition for writ of habeas corpus focuses on the first of Weaver's two objections. This Court has held that this first objection is without merit. Weaver v. State, 845 So. 2d 280, 282 (Fla. 3d DCA 2003).[1]

This Court also affirmed a trial court order of April 7, 2009, which denied Weaver's motion for post-conviction relief on the basis of these same two

_____

[1] This Court concluded that the sentencing guidelines were inapplicable under the terms of Weaver's plea bargain. Weaver, 845 So. 2d at 282. This conclusion restrains Weaver's argument that the trial court imposed an unauthorized upward departure.

objections. Weaver v. State, 15 So. 3d 753 (Fla. 3d DCA 2009) (Mem). As recently as 2011, Weaver filed a petition for writ of habeas corpus with this Court and again argued the same two objections. This Court denied the petition in Weaver v. State, 75 So. 3d 741 (Fla. 3d DCA 2011) (Table).[2]

## ORDER TO SHOW CAUSE

Weaver is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other proceedings related to his criminal sentencing in circuit court case number 94-37277.

If Weaver does not demonstrate good cause, any such further and unauthorized filings by Weaver will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. See § 944.279(1), Fla. Stat. (2014).

Petition denied. Order to show cause issued.

---

[2] Since 2000, Weaver has filed eleven cases in the Third District Court of Appeal, including the current petition for writ of habeas corpus. The other ten are: 3D00-1019, 3D00-3372, 3D02-356, 3D02-364, 3D03-1882, 3D03-2350, 3D04-2460, 3D05-24, 3D09-1294, and 3D11-2083.