# Third District Court of Appeal
## State of Florida

Opinion filed July 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1787
Lower Tribunal No. F17-8813
_____

**Johnnie Green, III,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

MHK Legal, PLLC, and Mark H. Klein (Coral Springs), for appellant.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General,  for appellee.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

## <u>ON PARTIAL CONFESSION OF ERROR</u>

Johnnie Green, III appeals from an order summarily denying, as untimely, his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.

On appeal, the State candidly concedes that the motion was timely, and that the trial court erred in denying the motion as untimely.[1] Nevertheless, the State urges this court to affirm on the alternative basis that the trial court included in its order a finding that "the Defendant has failed to establish that his plea was involuntary, pursuant to the plea colloquy attached to the State's Response to Defendant's amended Motion for Reconsideration and/or Reply to State's Response to Defendant's Motion for

---

[1] In the trial court, the State contended (and the trial court agreed) that the motion was untimely because it was filed more than two years after Green's judgment and sentence. See Fla. R. Crim. P. 3.850(b) (providing in relevant part: "A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final. . .")  However, on March 12, 2021, Green filed a petition seeking a belated appeal, which this court granted on April 19, 2021 (see Green v. State, 3D21-968), permitting Green to proceed with a direct appeal of his judgment and sentence, and thereby tolling the running of the two-year time limitation under Rule 3.850(b).  Although this court ultimately dismissed the direct appeal on September 17, 2021, see Green v. State, 352 So. 3d 830 (Fla. 3d DCA 2021) (table), the two-year time limitation had not expired by the time Green filed his motion for postconviction relief on November 8, 2021.

Reconsideration Filed May 2, 2022." We find this argument unpersuasive for two reasons.

First, Green's motion does not simply allege that his plea was involuntary, but raises several claims of ineffective assistance of counsel, including a claim of affirmative misadvice regarding his eligibility to earn gain time on his sentence. The trial court's order does not address the legal sufficiency and (if found legally sufficient) the underlying merit of these claims, and we decline the invitation to do so in the first instance. See, e.g., State v. Leroux, 689 So. 2d 235 (Fla. 1996) (holding counsel's affirmative misadvice regarding the amount of gain time to be served on an agreed sentence can be a basis for postconviction relief); Garcia v. State, 907 So. 2d 607 (Fla. 3d DCA 2005) (reversing and remanding for evidentiary hearing where record failed to conclusively refute defendant's allegation that, at the time of the plea, counsel affirmatively misadvised him that his State and federal sentences would run conterminously and that, but for such misadvice, he would not have pled guilty); Jordan v. State, 833 So. 2d 266 (Fla. 3d DCA 2002) (requiring evidentiary hearing where record failed to conclusively refute defendant's claim that, at the time of the plea, counsel affirmatively misadvised him that he would be eligible for basic gain time and

incentive gain time and that, but for such misadvice he would not have entered plea).

Second, there was a pending motion to amend the initial motion for postconviction relief.[2]  The motion to amend was filed within the two-year time limitation under rule 3.850(b), and before the trial court issued a ruling on the merits of the motion for postconviction relief. Because the trial court denied the motion for postconviction relief as untimely, it did not reach the merits and thus had no reason to address or rule upon the motion to amend. Given our determination that the motion for postconviction relief was in fact timely filed, and that the order dismissing the motion as untimely was in error, the trial court on remand shall consider the motion for leave to amend the motion for postconviction relief and, if appropriate, shall grant leave to amend.  We note that, generally speaking, leave to amend a motion for postconviction relief should be granted where the motion to amend is filed within the limitations period and before the trial court has ruled on the motion for postconviction relief.  See Gaskin v. State, 737 So. 2d 509, 518 (Fla.1999).  See also Prestano v. State, 176 So. 3d 1280, 1281 (Fla. 5th

---

[2] We note that Green filed the initial motion for postconviction relief pro se; thereafter Green retained private counsel, who filed the motion for leave to amend the pro se motion.  The initial pro se motion for postconviction relief had not previously been amended.

4

DCA 2015) ("Similarly, when a defendant files a motion requesting leave to amend before the trial court rules and before the limitations period expires, the trial court must allow the amendment prior to ruling on the motion") (citing Beard v. State, 827 So. 2d 1021 (Fla. 2d DCA 2002)); Kline v. State, 858 So. 2d 1257, 1257 (Fla. 1st DCA 2003) ("A rule 3.850 motion may be amended at any time prior to the trial court's ruling as long as the amended motion is filed within the two-year limitations period prescribed by rule 3.850(b)"); Pritchett v. State, 884 So. 2d 417 (Fla. 4th DCA 2004); Nava v. State, 659 So. 2d 1314 (Fla. 4th DCA 1995).

Reversed and remanded for further proceedings consistent with this opinion.